OPINION OF THE COURT
Bellacosa, J.
In each case, defendant appeals from an affirmance of his criminal conviction. Each contends he was deprived of his constitutional and statutory right to trial by a jury of his choice when the Trial Justices in the two different cases discharged a sworn juror on the ground that the juror was "unavailable for continued service” (CPL 270.35).
In Supreme Court, Criminal Term, New York County, on the first scheduled day of trial of People v Page, the Trial Justice, outside the presence of the jury, explained to the defendant, his counsel and the Assistant District Attorney: "We got a call from juror No. 1 [the foreperson] and she said she just got up and she’ll get here when she can.” The Trial Justice indicated his desire, with the consent of all counsel, to *72 start the trial by discharging the absent juror and substituting an alternate juror. Defense counsel asked, "Did she give an indication when she would be here?” and the court responded, "I can’t hold up the whole judicial process for some lady who just got up.” Defense counsel objected. The court again asked for cooperation and defense counsel, never having received an answer to her question, persisted in the objection. Shortly thereafter, when the jury was ready to be seated, the substitution was made and defense counsel asked that it be noted on the record that it was 10:17 a.m.; the late juror still had not arrived for the trial which had been scheduled to begin at 9:30 A.M.
In People v Washington, also in Supreme Court, Criminal Term, New York County, the court discharged juror No. 5 on the second day of a continued trial, after waiting two hours for the absent juror to arrive, making particularized inquiries and placing them on the record. Prior to the discharge, court personnel made "repeated and numerous” but unsuccessful attempts to locate the juror. They did reach the juror’s mother, who explained that her son had gone to a hospital because he had a cold, but she refused to tell the court to which hospital he had gone. The court stated on the record that "we have no way of finding out where he [the juror] is”, and that it was "already 11:30 a.m.”
Defense counsel asked the court to explore alternatives, including a one-day adjournment to attempt to find the juror. The Trial Justice refused, noting on the record that she might have been willing to grant an adjournment if there were any reason to believe that the juror would be available "in the relatively near future”. The court added that the mother’s unconvincing story, failing to disclose specific details about her son’s illness and specific whereabouts, led the court to believe the juror was "trying to avoid coming to court”. The record also disclosed that four prosecution witnesses were scheduled to testify that day, one of whom had failed to appear previously and had to be subpoenaed.
There is no claim in these cases that our court’s holding in People v Buford (69 NY2d 290) is directly controlling, since that case involved a different statutory clause which authorizes the discharge of jurors who, after the trial begins, are discovered to be unfit to serve because of bias or misconduct. That case is, however, pressed as being persuasive and analogous authority affecting the two instant cases. Like the provi *73 sion in the same statute, CPL 270.35, pertaining to the discharge of a juror found to be grossly unqualified, the provision at issue in this case is intended also to secure the right to be tried by a jury in whose selection defendant has had a voice (see, People v Buford, 69 NY2d 290, 297-298, supra).
However, the statutory provision at issue in the two instant cases has an entirely different root purpose and requires the discharge of jurors who are found to be unavailable for continued service. It is intended to serve the orderly, fair and prompt progress of a trial so it is broader and more flexible in its terms than the provision in Buford (id.), which pertains to juror qualification, to the ability of a particular juror to be impartial in deciding a case, and to the avoidance of direct prejudice to the defendant from unlawful discharge of that juror. The statute here — in requiring the discharge of a juror who is unavailable for continued service "by reason of illness or other incapacity, or for any other reason” (CPL 270.35 [emphasis added]) — invests a trial court with latitude to make a balanced determination affecting the administration of justice based on the facts required to be adduced, recognizing that criminal proceedings should not be unnecessarily or unfairly delayed against the interests of either the defense or the prosecution, especially when the trial is under way and so many other participants are involved.
No inflexible rule or catechism was contemplated or need be judicially crafted to determine the precise parameters of when a juror is unavailable under this statutory prescription. Rather, illustrative factors that may be considered in making such determinations include the stage of trial, the expected length of the absence of the juror if known, whether the juror’s return is ascertainable and reasonably imminent and certain, whether reasonable attempts have been made to locate the absent juror, and other relevant circumstances such as the continued availability of key witnesses. A trial court’s decision dismissing a juror must safeguard the important right of a defendant to be tried by jurors in whose selection the defendant has had a voice. It thus necessitates a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing a juror based on continued unavailability. This requires a reasonable attempt to ascertain where the absent juror is, why the juror is absent, and when the juror will be present. Several benefits flow from this rule: a defendant’s rights are protected; the statute can be properly *74 employed; and appellate courts, in the exercise of their respective powers, will be able to review the determination based on an adequate record.
In People v Washington, the trial court’s particularized findings and action on the record in the effort to ascertain the circumstances of the juror’s absence and of the likelihood of his continued availability to serve cannot be said to constitute error as a matter of law. Thus, the order affirming the conviction in that case must be affirmed.
The same cannot be said in People v Page where the trial court failed to ascertain when the absent juror might arrive at the courthouse. Without some reasonable effort shown on the record, we cannot infer a sufficient legal basis upon which the court could invoke the “unavailable for continued service” provision. There must therefore be a reversal and a new trial.
Accordingly, the order of the Appellate Division in People v Page should be reversed and a new trial ordered, and in People v Washington the order should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
In People v Page: Order reversed and a new trial ordered.
In People v Washington: Order affirmed.