■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY MCDONALD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kellam, J.), rendered March 23, 1987, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his constitutional and statutory right to a trial by a jury was violated when the trial court, over the defense counsel's objection, replaced a sworn juror with an alternate juror after the People had rested and

after the court had conducted a midtrial *Huntley* hearing. The replacement was effected after the clerk had informed the court that at approximately 9:15 that morning, he had received a telephone call from the subject juror's husband advising that the juror was suffering from a virus and would be unable to attend court that day. There was no indication whatsoever regarding when she would have been able to resume jury service. The court denied the defense counsel's request that a telephone call be made to the missing juror in an effort to ascertain whether there was a possibility of her being able to return on the next court day and, instead, replaced the missing juror with the first alternate.

The statutory standard for discharging a juror and replacing him or her with an alternate juror is contained in CPL 270.35, which provides, in pertinent part: "If at any time after the trial jury has been sworn and before the rendition of its verdict, a juror is unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service * * * the court must discharge such juror. If an alternate juror or jurors are available for service, the court must order that the discharged juror be replaced by the alternate juror whose name was first drawn and called, provided, however, that if the trial jury has begun its deliberations, the defendant must consent to such replacement". The standard for determining when to substitute an alternate juror for a sworn juror pursuant to CPL 270.35 is a flexible one and the decision of whether a juror is unable to continue serving is left to the trial court's broad discretion *(People v Burns,* 118 AD2d 864, 865; *People v Pierce,* 97 AD2d 904, 905).

In *People v Washington* (72 NY2d 69, *affg* 131 AD2d 118), the Court of Appeals recently sanctioned the discharge of a juror on the second day of a continued trial after the trial court waited two hours for the absent juror to arrive. Prior to the discharge, court personnel made repeated but unsuccessful efforts to locate the juror. On one occasion, they reached the missing juror's mother who explained that her son had gone to a hospital to be treated for a cold but refused to divulge the location of the hospital. In the course of its decision, the Court of Appeals reasoned: "A trial court's decision dismissing a juror must safeguard the important right of a defendant to be tried by jurors in whose selection the defendant has had a voice. It thus necessitates a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing a juror based on continued unavailability. This requires a rea-

sonable attempt to ascertain where the absent juror is, why the juror is absent, and when the juror will be present. Several benefits flow from this rule: a defendant's rights are protected; the statute can be properly employed; and appellate courts, in the exercise of their respective powers, will be able to review the determination based on an adequate record" (*People v Washington, supra,* at 73-74).

In the instant case, there is no dispute that the absent juror was incapacitated on the day in question, in contrast to the situation in *People v Hewlett* (133 AD2d 417), where, after waiting just one hour, the court simply discharged a missing juror and replaced him with an alternate on the basis of a clerk's representation that the juror had previously expressed his inability to serve if the trial continued. Since the juror's illness in this case had occurred on a Friday at a point when the People had already rested, there was no reason to delay the proceedings at a point so close to their conclusion on the chance that the absent juror would be well by the following Monday. Given the nature of her illness, there was nothing to be gained by a further inquiry addressed to the absent juror or her husband. Under the circumstances, the substitution of the alternate juror in no way violated the defendant's right to a jury trial.

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, Weinstein, and Balletta, JJ., concur.

Brown, J. P., dissents and votes to reverse the judgment appealed from and order a new trial, with the following memorandum: I respectfully disagree with the majority's conclusion that the discharge of a trial juror and substitution of an alternate juror in this case did not violate the defendant's right to be tried by a jury in whose selection he has had a voice (*see, People v Page,* 72 NY2d 69, 73; *People v Buford,* 69 NY2d 290, 297-298). Under the dictates of *People v Page* (*supra,* at 73), in order to safeguard that right, the court, prior to replacing a trial juror for reasons of illness or unavailability for continued service, must make "a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing a juror based on continued unavailability. This requires a reasonable attempt to ascertain where the absent juror is, why the juror is absent, and when the juror will be present". Here, the trial court made neither inquiry nor findings before replacing the juror and the only information that it had available was that the replaced juror had been up

all night, presumably with some sort of a virus, and would not be able to attend court that day. The court lacked any information upon which to base its implicit determination that the juror's illness rendered her "unable to continue serving" (CPL 270.35; *see, People v Hewlett,* 133 AD2d 417). Given that the situation arose on a Friday and at a point in the proceedings at which a short adjournment would not have impeded the "orderly, fair and prompt progress of [the] trial" *(People v Page, supra,* at 73), the court's refusal of the defense counsel's request to call the juror and attempt to ascertain when she would be able to continue service was unreasonable and constituted error as a matter of law *(see, People v Polhill,* 140 AD2d 462; *cf., People v Lawrence,* 143 AD2d 1045).

Under the circumstances, I would reverse the judgment appealed from and order a new trial.