■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE MEDINA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered November 25, 1987, convicting him of manslaughter in the first degree, manslaughter in the second degree, assault in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of 12½ to 25 years' imprisonment on the manslaughter in the first degree conviction to run consecutively to two consecutive indeterminate terms of 7½ to 15 years' imprisonment on the manslaughter in the second degree and assault convictions to run concurrently to two concurrent indeterminate terms of 7½ to 15 years' imprisonment on the weapons possession convictions.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which provided that the term of imprisonment imposed on the manslaughter in the first degree conviction is to run consecutively to the indeterminate term of 7½ to 15 years' imprisonment imposed for assault in the first degree, and substituting therefor a provision that those terms of imprisonment are to run concurrently; as so modified, the judgment is affirmed.

The trial court did not err in finding on the facts before it that a juror had become unavailable because of her illness and the uncertainty as to when she was likely to return *(see,* CPL 270.35; *cf., People v Washington,* 72 NY2d 69, 72; *People v Page,* 72 NY2d 69; *People v Lawrence,* 143 AD2d 1045; *People v McDonald,* 143 AD2d 1050). Equally unavailing is the defendant's contention that the trial court erred in refusing to charge manslaughter in the second degree (reckless manslaughter) with respect to the death of Jorge A. Matias and criminally negligent homicide with respect to the death of Bertha Baines. While these offenses are lesser included offenses of the counts charged in the indictment, viewing the evidence in the light most favorable to the defendant, no reasonable view of the evidence supports such instructions *(People v Green,* 56 NY2d 427, *rearg denied* 57 NY2d 775; *People v Drake,* 129 AD2d 963; *People v Green,* 134 AD2d 516, 517).

We agree that the court erred in imposing a consecutive

sentence with respect to the conviction for manslaughter in the first degree and the conviction for assault in the first degree (felony assault). Inasmuch as the manslaughter in the first degree count provided an essential element of the felony assault, consecutive sentences were illegal (see, Penal Law § 70.25 [2]; *People v Jones*, 69 AD2d 824).

The defendant's contention that the commitment papers do not accurately reflect the sentence of the court is not properly before us. The defendant's remedy is to bring an appropriate application in the Supreme Court. Mollen, P. J., Spatt, Sullivan and Rosenblatt, JJ., concur.