■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered November 30, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garofolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Moreover, we conclude that the trial court did not improvidently exercise its discretion in replacing a juror who was unavailable (see, People v Page, 72 NY2d 69). The record establishes that on the morning of the trial the juror informed a court officer that a close member of her family had died and that she had to leave and would not be returning. After several attempts, the court was able to contact the missing

juror, who indicated that the earliest she could be back would be the next Monday. She proffered no further information regarding her availability. In light of the foregoing, it cannot be said that the extent of the juror's unavailability was readily ascertainable at the time the issue of discharge arose *(see, People v Page,* 72 NY2d 69, *supra; cf., People v Rosa,* 138 AD2d 753). Under the circumstances, the substitution of an alternate juror in no way violated the defendant's right to a jury trial *(see, People v McDonald,* 143 AD2d 1050).

Given the defendant's background and the gravity of the instant crime, the sentence imposed cannot be deemed harsh or excessive.

We have reviewed the defendant's remaining contentions and find them either unpreserved for appellate review or without merit. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.