■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HIRAM TORRES, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered May 13, 1987, convicting defendant, after a jury trial, of two counts of robbery in the first degree (Penal Law § 160.15 [3]) and one count of robbery in the second degree (Penal Law § 160.10 [1]) and sentencing him to three concurrent indeterminate terms of imprisonment of from 3 to 9 years, unanimously affirmed.

Defendant's claim that his guilt was not proven beyond a reasonable doubt, because of purported weaknesses in the complainant's identification testimony, is without merit. Complainant observed defendant in good lighting when defendant hailed complainant's cab at approximately 6:00 P.M. on a bright September day, sticking his head inside of the passenger's window to state his destination. Further observations were made by complainant during the cab ride and while waiting for defendant and codefendant to pay the fare. Moreover, issues involving identification are the responsibility of the jury to determine in the first instance, not the appellate court's. *(People v Mosley,* 112 AD2d 812, *affd* 67 NY2d 985.)

Defendant's further claim that the trial court abused its discretion in discharging an ill juror has not been preserved for appellate review as a matter of law. (CPL 470.05 [2].) Defendant never joined in codefendant's objection with respect to the substitution of an alternate, and took no issue with the court's determination that the juror was incapacitated. Under these circumstances, we find no abuse of the broad discretion afforded to the trial court in determining whether to discharge a particular juror because of illness. *(See, People v Page,* 72 NY2d 69, 73.)

Nor was there an abuse of discretion in sentencing, which requires the delicate balancing of many factors and interests. *(People v Farrar,* 52 NY2d 302, 305-306.) Although the court may have deemed the codefendant to have been the "prime mover" in this case, it clearly recognized that defendant was equally culpable. Furthermore, defendant's claim that the court punished him for taking the witness stand on his own behalf, or because it did not credit his testimony, is without support in the record. Defendant faced a maximum term of imprisonment of from 8⅓ to 25 years. (Penal Law § 70.02 [2],

[3], [4].) Instead, he received only one additional year on the minimum end of the mandatory minimum sentence of 2 to 6 years. Concur—Ross, J. P., Milonas, Rosenberger, Kassal and Rubin, JJ.