■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL OLASKOWITZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILTON ELDRIDGE, Appellant.— Judgment of the Supreme Court, New York County (Dennis Edwards, Jr., J.), rendered on January 15, 1988, convicting defendant Michael Olaskowitz, following a jury trial, of 22 counts of sodomy in the second degree, three counts of sodomy in the third degree and one count of conspiracy in the fifth degree and sentencing him to an aggregate total of indeterminate concurrent and consecutive terms of imprisonment of from 10 to 20 years, is unanimously reversed on the law and the matter remanded for a new trial.

Judgment of the Supreme Court, New York County (Dennis Edwards, Jr., J.), rendered on February 22, 1988, convicting defendant Hilton Eldridge, following a jury trial, of six counts of sodomy in the second degree, 52 counts of sodomy in the third degree and one count of conspiracy in the fifth degree and sentencing him to an aggregate total of indeterminate concurrent and consecutive terms of imprisonment of from 10 to 20 years, is unanimously reversed on the law and the matter remanded for a new trial.

Defendants Michael Olaskowitz and Hilton Eldridge, along with three other individuals, were charged with fifth degree conspiracy and multiple counts of second and third degree sodomy following an investigation which indicated the existence of an illicit arrangement in which boys under the age of 17 were supplied with drugs, alcohol, money and other gifts to induce them to engage in sexual acts with the alleged conspirators. Separate indictments against the various accused were subsequently consolidated, and the two defendants herein proceeded to a joint trial at the conclusion of which the jury found both men guilty of multiple counts of second and third degree sodomy, as well as one count each of conspiracy in the fifth degree. On appeal, although defendants raise a number of arguments in challenging their convictions, we do not perceive any reversible error except in one significant respect involving the precipitous discharge of a juror.

The trial of defendants lasted approximately one month. At 9:30 A.M., prior to the beginning of any testimony on the second day of the People's case, juror number eight failed to appear. A defense attorney remarked that "your honor, I guess one of the jurors called in sick today." The Judge

declared that he would excuse the juror and use an alternate. Counsel objected and requested a one-day adjournment. The court clerk then noted that "we have a note. Juror number eight called in sick." The juror was immediately replaced by an alternate pursuant to CPL 270.35. While the People concede that the court should have made a full inquiry and record with respect to the juror's absence, they urge that the defect can be remedied at a remanded hearing so that an appropriate record can be developed.

According to CPL 270.35, a sworn juror may be excused if such juror becomes unavailable for further service by reason of illness or other incapacity. As the Court of Appeals observed in *People v Page* (72 NY2d 69, 73), this section "is intended to serve the orderly, fair and prompt progress of a trial so it is broader and more flexible in its terms than the provision * * * which pertains to juror qualification, to the ability of a particular juror to be impartial in deciding a case, and to the avoidance of direct prejudice to the defendant from unlawful discharge of that juror". Moreover, CPL 270.35 "invests a trial court with latitude to make a balanced determination affecting the administration of justice based on the facts required to be adduced, recognizing that criminal proceedings should not be unnecessarily or unfairly delayed against the interests of either the defense or the prosecution, especially when the trial is under way and so many other participants are involved" *(People v Page, supra,* at 73).

Following the trial of the instant matter, the Court of Appeals, in *People v Washington* (75 NY2d 740, *revg* 151 AD2d 384 [for reasons stated in dissenting mem of Carro, J.]), held that before a juror may be relieved, the trial court must not only make a reasonable effort to ascertain the cause of the juror's failure to appear and the anticipated duration of the absence but is required to set forth on the record the basis for its determination that a substitution is warranted. It is clear that the trial court in this case made no discernible inquiry and seems to have hastily replaced juror number eight for no other reason than the fact that the juror advised a court clerk that he or she was sick that day. Indeed, the court declined to grant even a one-day adjournment. To compound the error, the court made no record at all to explain its decision. Therefore, the substitution was improper, and a new trial is mandated *(People v Washington, supra).* Concur—Murphy, P. J., Ross, Milonas, Kassal and Wallach, JJ.