■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Peter Grim, Appellant. The People of the State of New York, Respondent, v Charles Goodacre, Appellant.—Judgments of the Supreme Court, New York County (Harold Rothwax, J.), both rendered June 28, 1989, convicting defendants, after jury trial, of assault in the second degree and sentencing each of them to indeterminate terms of imprisonment of from 1 to 3 years, unanimously affirmed. The case is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendants' claim that the prosecution made derivative use of their immunized statements is without merit. The evidence adduced at the *Kastigar* hearing *(Kastigar v United States,* 406 US 441) established that the prosecution's evidence was derived from a legitimate independent source *(Kastigar v United States, supra; United States v North,* 920 F2d 940). The operative facts relative to the incident and the parties involved in the altercation were known prior to the time the Internal Affairs Division interviewed defendants, at least one of whom had previously been identified from a photo array.

The guilt of defendants herein was proven beyond a reasonable doubt. At trial, Grim was identified by the victim and two eyewitnesses, all of whom had previously identified him at a lineup.

Nor did the trial court err when it gave the jury instructions on accessorial liability. While the single-count indictment did not contain the words "acting in concert", both defendants were charged with committing the same assault, on the same victim, at the same time. Defendants were tried for the same crime for which they were indicted *(People v Iannone,* 45 NY2d 589, 594), and the court's instructions did not change the theory of the case as it was presented and tried.

We also find no merit to the claims that the trial prosecutor should have been recused and that the trial court unduly interjected itself into the proceedings. Although there was concern at the hearing that the prosecutor might be a necessary witness, defense counsel indicated she would not be called, and no showing has been made that her testimony would have been relevant to any issue at trial *(People v Paperno,* 54 NY2d 294, 302).

While the court indicated some impatience with the lack of clarity of questions addressed to the witnesses and with the slow pace of the proceedings, its criticism was directed at both the prosecution and the defense, as appropriate. The questions

put to witnesses by the court constituted largely reformulations of questions put by counsel, restated to provide greater precision as to the information sought to be elicited, with particular attention to the sequence of events. Without the court's assistance, the jury could have easily become confused about which of several similar occurrences was being discussed. Moreover, no specific, meaningful objection was raised during trial *(People v Yut Wai Tom,* 53 NY2d 44, 56).

Finally, the contention raised by defendant Grim that the court should have charged the jury on the defense of justification is without merit. While the inconsistency of the asserted alibi defense does not preclude the right to a justification charge *(People v Padgett,* 60 NY2d 142; *People v Steele,* 26 NY2d 526), in view of the severity of the beating sustained by the complaining witness, there is no reasonable view of the evidence, construed most favorably to the accused, upon which the jury could have concluded that defendants' conduct was justified (Penal Law § 35.30 [1]; *People v McManus,* 67 NY2d 541, 549). Nor could the jury have found that defendants, off-duty police officers at the time of the incident, employed force in the course of making an arrest as no arrest was ever effected. Indeed, when pressed by the court, defense counsel could state no theory which would warrant an instruction to the jury on the defense of justification.

We have considered defendants' remaining claims and find them to be without merit. Concur—Kupferman, J. P., Ellerin, Wallach, Smith and Rubin, JJ.