■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK BATTLE, Appellant.—Judgment of the Supreme Court, New York County (Dennis Edwards, J.), rendered on November 22, 1988, convicting defendant, following a jury trial, of assault in the first degree and sentencing him, as a persistent violent felony offender, to a term of imprisonment of from 20 years to life, is unanimously reversed on the law and the matter remanded for a new trial.

Defendant was indicted for the alleged beating of two individuals on two separate dates. He was eventually tried before a jury in connection with these charges and was convicted of assault in the first degree in connection with one of the attacks. On appeal, the only issue concerns the propriety of the court's discharge of a juror and her replacement by an alternate during the course of the trial. In that regard, on Thursday, June 9, 1988, at the conclusion of the second day of the proceedings, the court recessed the case until 10:00 A.M.

the following Monday. On Monday morning, juror number eight failed to appear, and the court thereupon substituted an alternate juror over the objection of defense counsel. The entire colloquy regarding this incident was as follows:

"CLERK: Case on trial continued. All parties are present, with the exception of juror number eight, Lisa Mullins.

"THE COURT: O'Kay shall we bring in the panel of jurors?

"COURT OFFICER: Jury entering.

"(Jury Produced.)

"CLERK: All the sworn jurors are present with the exception of juror number eight Lisa Mullins. Steven Butcher, would would [sic] you take number eight, please?

"(So Done.)

"DEFENSE ATTORNEY: May we approach the Bench, your Honor?

"(Discussion held at side bar, out of the hearing of the jury.)

"DEFENSE ATTORNEY: I take exception, your Honor on the grounds that we selected a jury of 12 regulars and two alternates because we felt them to be appropriate jurors, I don't know why juror number eight isn't here, nobody said anything to us as to why—

"THE COURT: Well the Part Clerk told me that she would not be in today, she could not come in today, she was out of town. I have no alternative, that's why we have alternates. My recollection is the alternates were selected with the same care we had had [sic] given additional panel calls and I see no prejudice to either side. If you take exception you're welcome to take exception. All right.

"(In Open Court.)

"THE COURT: All right will the People call their next witness?"

The People assert that defendant's claim has not been preserved for appellate review since his lawyer did not register a general objection to the substitution but only complained that he had not been advised of the reason for the juror's absence. This argument is simply fatuous in view of counsel's unambiguously expressed protest at having the missing juror replaced. The fact is that while a trial court may discharge a sworn juror who has been determined to be unavailable for continued service and put an alternate in his or her place (CPL 270.35; *People v Page,* 72 NY2d 69), such an action first requires that an inquiry be conducted and findings made *(People v Page, supra,* and its companion case, *People v Wash-*

*ington,* 72 NY2d 69). As the Court of Appeals observed in *People v Page (supra,* at 73): "No inflexible rule or catechism was contemplated or need be judicially crafted to determine the precise parameters of when a juror is unavailable under this statutory prescription. Rather, illustrative factors that may be considered in making such determinations include the stage of trial, the expected length of the absence of the juror if known, whether the juror's return is ascertainable and reasonably imminent and certain, whether reasonable attempts have been made to locate the absent juror, and other relevant circumstances such as the continued availability of key witnesses. A trial court's decision dismissing a juror must safeguard the important right of a defendant to be tried by jurors in whose selection the defendant has had a voice. It thus necessitates a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing a juror based on continued unavailability. This requires a reasonable attempt to ascertain where the absent juror is, why the juror is absent, and when the juror will be present."

Where, as in the situation herein, the only information ascertained by the court, from a court clerk, was that the juror was out of town and could not attend that day, it is clear that not only was no thorough inquiry made but there was none at all, and certainly the record is devoid of any findings that justified discharging the absent juror. Accordingly, defendant is entitled to have his conviction vacated and the matter remanded for a new trial. Concur—Kupferman, J. P., Carro, Milonas and Kassal, JJ.