■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS DUNN, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J.), entered January 6, 1989, convicting defendant of robbery in the second degree (Penal Law § 160.10 [1]) and sentencing him, as a second felony offender, to an indeterminate term of 4 to 8 years in prison, unanimously reversed, on the law and the facts, the judgment vacated and the case remanded for a new trial.

Defendant was convicted of robbing a person around 6:00 A.M. on June 4, 1988 near a subway turnstile at the IRT 125th Street and Lexington Avenue Station in Manhattan. Defendant was aided by other persons, one of whom testified against him at trial.

On a day when the trial was to begin and prior to the opening statements, the wife of a juror called and reported

that he was ill and would not attend. Over the objection of the defense attorney, an alternate juror was seated.

CPL 270.35 authorizes a court to excuse a juror who cannot continue because of illness or other incapacity. It is now well settled that prior to excusing a juror, the court must make a reasonable effort to find out the details of the incapacity and to determine if and when the juror can be available. The court must also make a record of its efforts and the results. *(People v Olaskowitz,* 162 AD2d 322 [1990]; *People v Page,* 72 NY2d 69 [1988].)

In this case the record does not reflect that any effort was made to determine the exact nature of the juror's illness and probable length of unavailability. Concur—Sullivan, J. P., Ross, Asch, Kassal and Smith, JJ.