■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO CRUZ, Also Known as SERGIO ALMONTE, Appellant.— Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered April 13, 1988, convicting defendant of two counts of criminal sale of a controlled substance in the first degree, two counts of criminal possession of a controlled substance in the first degree, and one count of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent indeterminate sentences of 25 years to life on the first degree counts, and 8⅓ to 25 years on the third degree count, unanimously affirmed.

Defendant was arrested following a covert drug operation, in which he sold over 4 ounces of cocaine to an undercover police officer. The evidence at trial was uncontroverted and no challenge to the weight or sufficiency of the evidence is raised on appeal. Defendant contends, however, that Criminal Term should not have given a "two-inference" charge, in which the jury was instructed that, where the evidence raised competing inferences of equal weight and strength, the defendant was entitled to the inference of innocence. No objection was raised at trial; consequently, the claim was not preserved for appellate review (CPL 470.05 [2]). Were we to consider the claim in the interest of justice, we would conclude that it is meritless. While such instructions have been criticized as potentially confusing to the jury, reversal is not warranted where, as here, the charge as a whole conveyed the appropriate burden of proof *(United States v Khan,* 821 F2d 90).

Defendant, *pro se,* contends that the court improperly discharged a juror prior to the taking of testimony but after she had been sworn. In a telephone conversation with the Trial Justice, the juror stated that "she had asthma and went to the hospital, went some place to get shots". While a more thorough inquiry might have been made as to the severity of the juror's medical condition and her expected period of incapacity *(see generally, People v Olaskowitz,* 162 AD2d 322, *lv withdrawn* 76 NY2d 1023), in the absence of any objection, we decline to review the contention. In any event, reversal on this ground is not warranted.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.