■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SLATTERY, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered March 2, 1989, convicting him of burglary in the third degree and criminal mischief in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, count two of the indictment, charging the defendant with criminal mischief in the second degree, is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726), and a new trial is ordered on the first count of the indictment. No questions of fact have been raised or considered.

After both summations and just prior to the close of the penultimate day's proceedings at the defendant's trial, the court advised the defendant that he had been present during the entire trial and that the only thing left was the jury charge to be done the following day. The court warned the defendant that if he was not present "We'll proceed without you". The following morning, defense counsel advised the court that he had received a call from the defendant indicating that he had car trouble. The court responded that it too had received a call that the defendant had car trouble and that the defendant's sister was going to pick him up and take him to the courthouse. However, the court declined to wait for the defendant's arrival, and advised the jury that the defendant's absence was not to be held against him. It then proceeded with the charge, during which the defendant entered the courtroom.

The defendant contends and the People concede that this

constituted reversible error, mandating a new trial. Recently, in *People v Brooks* (75 NY2d 898), the Court of Appeals observed that before proceeding in a defendant's absence, a trial court must have made inquiry and recited on the record the facts and reasons it relied upon in determining that the defendant's absence was deliberate. The record at bar does not indicate that such inquiry was undertaken. In such circumstances, the court erred and the error is not subject to harmless error analysis *(see, People v Mehmedi,* 69 NY2d 759).

Although the defendant was convicted of criminal mischief in the second degree, there was insufficient proof that the value of the property which was damaged exceeded $1,500 *(see,* Penal Law § 145.10). Since the proof did not suffice to substantiate criminal mischief in the second degree *(see, People v Gaines,* 136 AD2d 731) the second count of the indictment, which charged this offense, is dismissed without prejudice to the People to re-present the charge of criminal mischief in the third degree, for which sufficient evidence was adduced to support a conviction, to another Grand Jury *(see, People v Beslanovics, supra).*

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.