■ The People of the State of New York, Respondent, v William Cook, Appellant.—Judgment, Supreme Court, New York County (Albert Williams, J.), rendered March 30, 1990, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a predicate felon, to concurrent terms of imprisonment of 4½ to 9 years, 4½ to 9 years, and 2 to 4 years, respectively, unanimously affirmed.

Defendant's conviction arises out of his arrest for acting in concert with two others in a street sale of three (3) vials of crack-cocaine to an undercover officer in New York County on September 18, 1989.

We find no abuse of discretion by the trial court in invoking the provisions of CPL 270.35 to discharge a sitting juror and substitute an alternate after ascertaining that the sitting juror was experiencing classic flu symptoms and did not feel well enough to continue service (see, People v Page, 72 NY2d 69).

We find also that the trial court's jury charge on accessorial liability included the proper concept of intent, and, as a whole, accurately conveyed the appropriate standards (see, e.g., People v Adams, 69 NY2d 805). Additionally, there is no merit to defendant's argument that the trial court erred in rereading its accessorial liability charge when requested to do so by the deliberating jury, and defendant has shown no prejudice resulting from the jury's apparent choice not to heed the court's suggestion that they clarify their facially unclear written request for additional instruction regarding an aspect of that charge (see, People v Malloy, 55 NY2d 296, cert denied 459 US 847).

Finally, defendant has failed to preserve his claim of error in the trial court's jury charge explaining circumstantial evidence, by appropriate objection (CPL 470.05 [2]; see also, e.g., People v Ford, 66 NY2d 428).

In any event, as the People primarily offered direct evidence at trial, the court's jury instruction explaining that circumstantial evidence is evidence of facts, "which are inferred, or deduced, or which flow from direct evidence;" that "the inferences or conclusions that are to be drawn must flow naturally;" and that "if the inference is inconsistent with guilt, you must not draw the inference of guilt, but that of innocence," was proper, adequately conveying both the essence of the circumstantial evidence theory and the appropriate burden of proof (see, People v Barnes, 50 NY2d 375). Concur— Murphy, P. J., Carro, Kupferman, Asch and Rubin, JJ.