■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ZACHARY HAZZARD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered August 22, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his constitutional right to a public trial when the court sealed the courtroom during the testimony of an undercover police officer. The defendant contends that the testimony of the undercover officer was devoid of any facts which compelled closure. The defendant also contends that the court failed to make specific findings of circumstances compelling closure before it sealed the courtroom *(see, Waller v Georgia,* 467 US 39). We disagree.

The testimony of the undercover officer provided compelling reasons to close the courtroom. He testified at the closure hearing that he was actively involved in an undercover capacity in two ongoing investigations which extended from Brooklyn to Manhattan. When an officer is actively engaged in the community as an undercover agent, the court may exercise its discretionary power to seal the courtroom during the undercover officer's testimony *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911; *People v Richards,* 157 AD2d 753, *affd* 77 NY2d 969; *People v Flores,* 152 AD2d 704). Thus, the closure of the courtroom was proper.

We also reject the defendant's argument that his guilt was not proven beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.