■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT POWELL, Appellant.

After three days of trial in this prosecution for burglary, the case was adjourned over the weekend to the following Tuesday. The first order of business that day was an application by the prosecutor for a material witness order to obtain the testimony of one of the tenants of the burglarized apartment. After colloquy on that matter, the court told counsel that it had received a communication from one of the jurors that her husband had been hospitalized, and that she would not be coming to court that morning. The trial court had not inquired into the nature of the husband's illness or the juror's availability to attend the trial the next day. Later, some time after 12 o'clock, an alternate was seated over defendant's objection.

In *People v Page* (72 NY2d 69), the Court of Appeals held that a trial court's decision to dismiss a juror pursuant to CPL 270.35 must safeguard a defendant's right to be tried by a particular jury in whose selection he had a voice. Factors to be considered in making such a determination include "the stage of trial, the expected length of the absence of the juror if known, whether the juror's return is ascertainable and reasonably imminent and certain, whether reasonable attempts have been made to locate the absent juror, and other relevant circumstances such as the continued availability of key witnesses." *(People v Page,* 72 NY2d, *supra,* at 73.) In our view, the discharge of the juror after such a short period of absence, without making any inquiry whether the juror might be available the next day, was precipitous, and violative of the principles enunciated in *People v Page (supra).* Accordingly, the judgment of conviction must be reversed, and a new trial

ordered. *(People v Watkins,* 157 AD2d 301, 309; *People v Olaskowitz,* 162 AD2d 322, *lv withdrawn* 76 NY2d 1023; *People v Dunn,* 169 AD2d 394.)  Concur—Carro, J. P., Milonas and Rubin, JJ.

Asch, J., dissents in a memorandum as follows: I believe that the record shows that the trial court acted well within its discretion when it replaced the sworn juror with an alternate.

On the fourth day of the trial, the court told counsel that juror Number 12 had communicated with the court that morning, "indicating that her husband has been hospitalized" which "would apparently prevent her from coming to court this morning". The court waited till after noon for the juror to return, and then seated the alternate.

I disagree with the majority's conclusion that the discharge of the juror "after such a short period of absence, without making any inquiry whether the juror might be available the next day, was precipitous, and violative of the principles enunciated in *People v Page".*

CPL 270.35 provides, *inter alia,* that once the jury has been sworn, the court must discharge a juror who "is unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service". The Court of Appeals in *People v Page* (72 NY2d 69, 73), has found that this statutory provision:

"requires the discharge of jurors who are found to be unavailable for continued service. It is intended to serve the orderly, fair and prompt progress of a trial so it is broader and more flexible in its terms than the provision in *Buford (id.),* which pertains to juror qualification, to the ability of a particular juror to be impartial in deciding a case, and to the avoidance of direct prejudice to the defendant from unlawful discharge of that juror. The statute here—in requiring the discharge of a juror who is unavailable for continued service 'by reason of illness or other incapacity, or *for any other reason'* (CPL 270.35 [emphasis added])—invests a trial court with latitude to make a balanced determination affecting the administration of justice based on the facts required to be adduced, recognizing that criminal proceedings should not be unnecessarily or unfairly delayed against the interests of either the defense or the prosecution, especially when the trial is under way and so many other participants are involved.

"No inflexible rule or catechism was contemplated or need be judicially crafted to determine the precise parameters of when a juror is unavailable under this statutory prescription.

Rather, illustrative factors that may be considered in making such determinations include the stage of trial, the expected length of the absence of the juror if known, whether the juror's return is ascertainable and reasonably imminent and certain, whether reasonable attempts have been made to locate the absent juror, and other relevant circumstances such as the continued availability of key witnesses. A trial court's decision dismissing a juror * * * necessitates a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing a juror based on continued unavailability."

The IAS court would have been better advised to ascertain the prognosis of the illness of the juror's husband and whether she would have been available the next day. Further, the court should have made a "recitation on the record of the facts and reasons for invoking the statutory authorization". However, while a better record could have been made, facts and reasons were present which impelled a discharge of the juror. (See, People v Garry, 176 AD2d 145.)

The juror did not just call to say a family member was "sick" or "ill". The fact her husband had been hospitalized was a much more serious and significant reason for her non-attendance, and further, portended a more extended absence. In addition, at the time the sworn juror telephoned, the People had experienced difficulty in obtaining the cooperation of an eyewitness to the crime and had requested a material witness order for such witness. After such an order was obtained, the witness, in fact, was located and testified in court that very afternoon. Finally, at the time the juror was discharged, the trial was close to conclusion, the case being submitted to the jury that evening.

Since the factors enunciated in *People v Page (supra)* were substantially complied with, the trial court properly discharged the juror and substituted an alternate, and accordingly defendant's conviction should be affirmed.