■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HILL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered May 23, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in replacing a juror who was unavailable (see, People v Page, 72 NY2d 69; People v John, 163 AD2d 534; People v McDonald, 143 AD2d 1050, 1051). The record establishes that on the morning the court was to deliver its charge, the juror called the court and informed the Judge that he had a problem in his apartment and could not be present that day. The Judge inquired as to whether the juror would be available the following day and as to the exact nature of the problem, and directed the juror to come to court to discuss it. The juror responded that he would never return and refused to elaborate on the nature of his problems. In light of the foregoing, it cannot be said that the court did not make a reasonable inquiry into why the juror was absent and when the juror would return (see, e.g., People v Page, supra, at 72, 74; People v Lee, 155 AD2d 483). Under the circumstances, we find that the substitution of the alternate juror in no way violated the defendant's right to a jury trial (see, People v Lee, supra).

We further find that the court did not deprive the defendant of his right to a public trial when it closed the courtroom during the undercover police officer's testimony. The court first conducted a hearing at which it was disclosed that the undercover police officer was still engaged in undercover

investigations in Kings County and that closure was necessary to protect his safety and the integrity of the ongoing operations *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946; *People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911; *People v Glaude,* 176 AD2d 346; *People v Carvey,* 161 AD2d 656; *People v Planes,* 158 AD2d 481, 482).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.