◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BARKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered April 13, 1988, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and are determined to have been established.

We find that, under the circumstances of this case, the trial court prematurely discharged a sworn juror *(see generally, People v Page,* 72 NY2d 69; *People v DiBlasio,* 150 AD2d 792; *People v Celestin,* 150 AD2d 385). The People's argument that the trial court's decision to discharge the juror is beyond the scope of appellate review as a question of law *(see,* CPL 470.05 [2]) is not without merit, inasmuch as the defendant's attorney did not expressly join in the objection registered by an attorney for a codefendant *(see, People v Buckley,* 75 NY2d 843; *People v Melendez,* 160 AD2d 739). However, considering all the circumstances of this case, we find that review of this issue in the exercise of our interest of justice jurisdiction is appropriate *(see,* CPL 470.15 [6] [a]).

We also find that the defendant was absent while certain testimony was read back to the jury. Contrary to the People's contention, the defense counsel's consent to this procedure may not be imputed to the defendant *(see, People v Mehmedi,* 69 NY2d 759; *People v Aguilar,* 177 AD2d 197; *People v Carr,* 168 AD2d 213; *People v Windley,* 134 AD2d 386, 387). Absent an express ratification by the defendant, the error mandates reversal. Thus, the People's argument that the testimony which was read back related more to the codefendant than to the defendant is of no avail *(see, People v Mehmedi, supra; People v Slattery,* 173 AD2d 656; *People v Jones,* 159 AD2d 644 [existence of prejudice immaterial]).

The defendant's arguments concerning the sufficiency of the

evidence are without merit. Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.