■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY D. WEEMS, Also Known as TERRY WEEMS, Appellant.— Judgment unanimously affirmed. Memorandum: The court did not err in denying defendant's motion to suppress the in-court identification of defendant by the undercover police officer. During the sale of the cocaine, the undercover officer was in the presence of defendant for 20 to 30 minutes in good lighting conditions and, thus, his in-court testimony had an independent source. Moreover, the undercover officer's identification was not questioned at trial, inasmuch as defendant, although relying upon an agency defense, testified that he sold cocaine to the officer.

The court did not err in closing the courtroom during the testimony of the undercover officer (see, People v Hinton, 31 NY2d 71, cert denied 410 US 911; People v Hill, 180 AD2d 695, lv denied 79 NY2d 1002; People v Hazzard, 177 AD2d 594, lv denied 79 NY2d 920; People v Glaude, 176 AD2d 346, lv denied 79 NY2d 827; People v Brown, 172 AD2d 844).

Defendant failed to preserve for appellate review his contention that Officer Bove improperly testified to selecting defendant's photograph from a number of photographs on the police bulletin board.

We reject defendant's contention that his sentence is harsh and excessive. (Appeal from Judgment of Wayne County Court, Strobridge, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Boomer, Pine, Lawton and Boehm, JJ.