■ The People of the State of New York, Respondent, v Nicholas DeMatteis, Appellant. The People of the State of New York, Respondent, v German Cuadrado, Appellant.— Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered September 26, 1990, convicting defendant DeMatteis, after a jury trial, of murder in the second degree, and sentencing him to a term of 17 years to life, unanimously affirmed. Judgment of the same court, rendered October 1, 1990, convicting defendant Cuadrado of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The trial evidence demonstrated that defendant DeMatteis arranged for defendant Cuadrado to shoot and kill the victim near a corner telephone booth. Two of the People's witnesses had had prior dealings with Cuadrado. One was a member of Cuadrado's drug operation who regularly ran errands for Cuadrado, and at Cuadrado's request, drove DeMatteis to the shooting. The other occasionally purchased drugs from the Cuadrado organization and drove DeMatteis from the shooting at Cuadrado's request. There is no credible evidence that either of these witnesses knew that the shooting was about to occur.

An accessory after the fact is not an accomplice as a matter of law for the purpose of the corroboration requirement of CPL 60.22 *(People v Brooks,* 170 AD2d 182, 183, *lv denied* 77 NY2d 958). Since innocent explanations could reasonably be drawn from the evidence, the status of both of these witnesses as accomplices was a question for the jury *(see, People v Torres,* 160 AD2d 746, 747, *lv denied* 76 NY2d 897). As such, the trial court correctly declined to instruct the jury that these witnesses were accomplices as a matter of law.

Although the indictment did not contain the words "acting in concert", both defendants were charged with committing the same crime, on the same victim, at the same time.

Defendants were tried for the same crime for which they were indicted, and the court's instructions, which did instruct the jury on acting in concert, did not change the theory of the case as it was presented and tried *(People v Grim,* 166 AD2d 264, 265, *lv denied* 76 NY2d 986, *cert denied sub nom. Goodacre v New York,* — US —, 111 S Ct 1622).

Defendants failed to object to the court's two inference instructions and thereby failed to preserve their appellate challenges thereto *(People v Cruz,* 172 AD2d 383, *lv denied* 78 NY2d 964). In any event, were we to review in the interest of justice, we would find the court gave adequate instructions on the presumption of innocence and reasonable doubt and that the charge as a whole conveyed the appropriate burden of proof *(supra; see also, People v Molina,* 171 AD2d 578, *lv denied* 78 NY2d 970).

The court did not abuse its discretion in substituting a sworn juror after making an adequate inquiry into the juror's unavailability for continued service (CPL 270.35; *People v Page,* 72 NY2d 69, 73). The substitution occurred at a relatively early stage at trial after only two of the People's several witnesses had testified, and after the court had been informed by the juror that her mother had just died over the weekend.

We have examined defendants' remaining arguments and find them to be either unpreserved or without merit. Concur—Wallach, J. P., Kupferman, Kassal and Rubin, JJ.