■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS DELGADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered March 22, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the trial court committed reversible error when it discharged a sworn juror as unavailable and replaced him with an alternate, based on an *ex parte* communication between the court and the juror. We disagree.

The record reveals that the discharged juror appeared in court on a Friday when the trial was in recess, after two days of testimony, and informed the court of the sudden death of his sister the previous night. The court made inquiry and ascertained that the juror would be unavailable for at least a week and might not be available even then. On the following Monday, the court placed this information on the record and replaced the juror with an alternate over the defendant's objection. Under the circumstances, the discharge of the juror constituted a proper exercise of the court's discretion. Unlike the situation where an inquiry is being made of a juror to determine if he or she should be dismissed as grossly unqualified, inquiries to determine the availability of a juror need not necessarily be in the presence of the defendant or his counsel *(see, e.g., People v McDonald,* 143 AD2d 1050; *People v Lawrence,* 143 AD2d 1045, 1046-1047; *see also, People v Page,* 72 NY2d 69, 72-73; *People v Mullen,* 44 NY2d 1).

The defendant also contends that the trial court erred by allowing into evidence certain currency recovered from the defendant after his arrest and a "buy sheet", both of which had been vouchered in one envelope but returned in a different one from the office of the police department's Property Clerk. However, at trial, several police officers identified the money and "buy sheet" by unique markings which had been placed on each. These markings included evidence stamps, initials, and circles around the matching serial numbers. Under these circumstances, the trial court properly admitted the items into evidence *(see, People v Julian,* 41 NY2d 340, 343; *People v Connelly,* 35 NY2d 171). Any deficiencies in the chain of custody here went to the weight of the evidence, but

were not a bar to their admissibility *(see, People v Julian, supra,* at 344).

We have examined the defendant's remaining contentions and find them to be without merit *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.