■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered June 24, 1991, convicting defendant, after jury trial, of one count of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a predicate felony offender, to concurrent terms of twelve and one-half to twenty-five years on the first degree robbery count, and seven and one-half to fifteen years on each of the second degree robbery counts, unanimously reversed, on the law, and the matter is remanded for a new trial.

As conceded by the People, the trial court erred in failing to make reasonable efforts to ascertain and set forth on the record the circumstances of a juror's absence and prospects of availability, thus precluding a finding of a sufficient legal basis for invocation of the "unavailable for continued service" provision of CPL 270.35 *(People v Page,* 72 NY2d 69, 73-74).

We have considered defendant's additional claims of error and find them to be without merit. Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.

■ HELEN SCHWARTZ et al., Respondents, v MORRIS PARK DENTAL ASSOCIATION et al., Appellants.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 10, 1992, which, insofar as appealed from, dismissed defendants' affirmative defense of lack of personal jurisdiction, unanimously dismissed, with costs.

Defendants have preserved no argument on the merits, thus mooting the appeal. Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.

■ GERMAINE BOOTHE, an Infant, by His Mother and Natu-