■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HARRIS, Appellant. [601 NYS2d 815] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered November 20, 1991, convicting him of robbery in the third degree, grand larceny in the third degree, and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

WINSTON HARRIS, Appellant. [599 NYS2d 862] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered April 9, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was arrested, along with a codefendant, as part of a so-called "buy and bust" operation at a Brooklyn address, after selling four vials of crack cocaine to an undercover police officer. The defendant was identified as the seller by the undercover officer immediately after the arrest, at the precinct house later that evening, and in court. He was also identified in court by the two arresting officers. Seized at the arrest site were 724 vials, at least 410 of which contained cocaine, 9 paper packets containing cocaine, and a bag containing marihuana. The vials matched those sold to the undercover officer. The officers also recovered from the defendant a $20 bill of prerecorded money, and $1,570 in bills of various denominations. The $1,570 was vouchered, initialed by one of the officers, and evidence-stamped by him, but the serial numbers were not recorded, and the bills appeared in court in an envelope different than that in which they had been sent to the Property Clerk. The bills were altered to the extent of having been perforated with the voucher number.

Although the defendant correctly contends that the $1,570 in bills of various denominations should not have been admitted into evidence (see, People v Julian, 41 NY2d 340; cf., People v Delgado, 187 AD2d 447), the error was harmless in view of the overwhelming evidence against him (see, People v Crimmins, 36 NY2d 230; People v Milom, 75 AD2d 68).

However, pursuant to CPL 300.40 (3) (b), the conviction of criminal possession of a controlled substance in the seventh degree must be vacated and that count of the indictment dismissed, in view of the conviction of criminal possession of a controlled substance in the third degree for the same offense.

The defendant's remaining contentions are unpreserved for

appellate review or without merit. Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.