■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL SINCLAIR, Appellant. [617 NYS2d 45] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Linakis, J.), both rendered April 21, 1992, convicting him of offering a false instrument for filing in the first degree and falsifying business records in the first degree under Indictment No. 3120/91, upon a jury verdict, and attempted criminal possession of a controlled substance in the third degree under Indictment No. 10804/91, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The evidence adduced at trial establishes that the defendant was apprised of the facts that he would be violating his parole if he were arrested while on parole and that if the new case were dismissed the parole violation would be dropped. The defendant was subsequently arrested while on parole. The defendant's parole officer was aware of the arrest, and asked the defendant about it. The defendant responded by stating that the case had been dismissed, and he handed the parole officer a document which falsely stated that the new criminal charges against him had been dismissed by the Grand Jury. The parole officer thereupon placed the document into the defendant's New York State Division of Parole file.

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt of offering a false instrument for filing in the first degree *(see,* Penal Law § 175.35) and falsifying business records in the first degree *(see,* Penal Law § 175.10). The fact that the defendant did not ask for the document to be returned to him

permitted the jury to reasonably infer that he knew or believed that it was to become part of his New York State Division of Parole file. We reject the defendant's contention that the document was not a written instrument within the meaning of Penal Law article 175 (see, Penal Law § 175.00 [3]).

The defendant's remaining contentions are without merit (see, CPL 270.35; *People v Page,* 72 NY2d 69, 73). Thompson, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.