■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROSARIO, Appellant. [638 NYS2d 967] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 25, 1993, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertion, he was not improperly denied his right to be present at six side-bar conferences with prospective jurors since he voluntarily, knowingly, and intelligently waived this right prior to the start of jury selection *(see, People v Pondexter,* 215 AD2d 409).

The defendant's further contention that the trial court committed error when it discharged a sworn juror as unavailable after the juror had informed the court, in an *ex parte* communication, that her brother-in-law had been shot and killed is without merit. The discharge by the court of this juror constituted a proper exercise of the court's discretion *(see, People v Delgado,* 187 AD2d 447). It was also proper for the court to excuse another juror who informed the court, in the defendant's presence, that he wanted to be excused in order to start working at a new job for which he had just received an offer *(see, People v Bolden,* 197 AD2d 528). The court properly declined to discharge another juror who, although the defense counsel suggested had made negative comments during his cross-examination of one of the witnesses, unequivocally stated that she could be fair regarding this case *(see, People v Buford,* 69 NY2d 290, 298-299).

Contrary to the defendant's contention, the People sufficiently established, in accordance with *People v Ryan* (82 NY2d 497), and *People v Hill* (85 NY2d 256), that he knew the weight of the substance he sold to the undercover officer on July 23, 1992. Although the undercover officer negotiated the terms of the deal, including the amount of the substance to be bought and its price, with the codefendant Moses Caban *(see,*

*People v Caban,* 224 AD2d 705 [decided herewith]), when the undercover officer arrived at the pre-arranged meeting place, it was the defendant who made the sale in conformance with the pre-negotiated terms. Indeed, the defendant told the undercover officer that Caban had told him that the undercover officer was going to call. Moreover, the defendant told the undercover officer that he, the defendant, would take care of him.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.