■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SARGEANT, Appellant. [657 NYS2d 753] —Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated June 24, 1991 *(People v Sargeant,* 174 AD2d 767), modifying a judgment of the Supreme Court, Kings County, rendered April 13, 1988, on the ground of ineffective assistance of appellate counsel. By decision and order on motion of this Court dated April 9, 1996, the appellant was granted leave to file a brief on the issue of whether the trial court erred in discharging a sworn juror, and the coram nobis application was held in abeyance in the interim. The parties' have now filed their respective briefs.

Ordered that the application is granted, and the decision and order of this Court, dated June 24, 1991 is vacated; and it is further,

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The appellant correctly contends that the trial court committed reversible error in discharging a sworn juror during trial approximately one hour after that juror failed to appear. The court made no attempt to ascertain the location of the juror and did not conduct any inquiry into the reason for the juror's absence *(see,* CPL 270.35 [1]; *People v Page,* 72 NY2d 69; *People v Barker,* 183 AD2d 835; *People v Rodriguez,* 166 AD2d 618). This error is not subject to harmless error analysis *(see, People v Anderson,* 70 NY2d 729; *People v Polhill,* 140 AD2d 462). Furthermore, contrary to the People's contention, this issue was adequately preserved for appellate review by the timely and specific objection of the appellant's trial counsel *(see, People v Barker, supra; People v Battle,* 167 AD2d 190). Accordingly, the appellant is entitled to a new trial. Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.