■ The People of the State of New York, Respondent, v Verly Davis, Appellant. [775 NYS2d 650]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered December 7, 2001. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]). Contrary to the contention of defendant, he was not deprived of effective assistance of counsel (*see generally People v Baldi,* 54 NY2d 137, 147 [1981]). We also reject the contention of defendant that he was deprived of his right to a fair trial when Supreme Court discharged a juror whose daughter required hospitalization for a serious illness. Pursuant to CPL 270.35 (1), a juror must be discharged if he or she is "unable to continue serving by reason of illness or other incapacity, or for any other reason is unavailable for continued service." Here, the court made the requisite "reasonably thorough inquiry" in determining that the juror was unavailable for continued service, and the juror failed to appear in court "within two hours of the time set by the court for the trial to resume" (270.35 [2] [a]). In addition, the court properly placed on the record its reasons for discharging the juror after permitting counsel to be heard on the matter (*see* 270.35 [2] [b]). We thus conclude that the court properly exercised its discretion in discharging the juror (*see generally People v Page,* 72 NY2d 69, 73-74 [1988]). We further conclude that the court's *Sandoval* ruling was proper (*see generally People v Walker,* 83 NY2d 455, 458-459 [1994]).

Defendant failed to preserve for our review his contention that the assault conviction is not supported by legally sufficient evidence (*see People v Gray,* 86 NY2d 10, 19 [1995]) and, contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). The jury's credibility determinations are entitled to great deference (*see People v Jackson,* 280 AD2d 944 [2001], *lv denied* 96 NY2d 784 [2001]), and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see Bleakley,* 69 NY2d at 495). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Hayes, JJ.