■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLO RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lonschein, J.), rendered December 20, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion by discharging a juror who called in sick. The court returned the juror's call, and determined that the juror had been ill with the flu for at least three days, and expected to be ill and unable to serve on the following day. Under these circumstances, it was apparent that the juror would not be readily available to continue with the trial *(see, People v McDonald,* 143 AD2d 1050). Accordingly, the requirements set forth in *People v Page* (72 NY2d 69) had been satisfied *(see also, People v Lawrence,* 143 AD2d 1045).

Further, we find that the defendant was not denied his right of confrontation by the court's refusal to permit him to cross-examine a police detective concerning an alleged agreement whereby the defendant was to serve as a confidential informant. This agreement, which never came to fruition, was not initiated until after the detective had already testified before the Grand Jury, and the defendant had been indicted. The mere existence of such an agreement does not suggest that the

detective had any hostile feelings toward the defendant, or provide a motive for the detective to fabricate his testimony. Since the proffered evidence of alleged hostility toward the defendant in this case was too remote and speculative to have warranted admission, the court did not improvidently exercise its broad discretion by limiting the cross-examination *(see, People v Stanard,* 42 NY2d 74, *cert denied* 434 US 986; *Schultz v Third Ave. R. R. Co.,* 89 NY 242, 250).

It was not error for the trial court to adjudicate the defendant a persistent felony offender in view of his prior convictions, which he failed to controvert although afforded ample opportunity to do so *(see, People v Oliver,* 96 AD2d 1104, *affd* 63 NY2d 973; *People v Terry,* 117 AD2d 761). Moreover, the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.