■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VELAZQUEZ, Appellant. [620 NYS2d 388] —Judgment, Su-

preme Court, New York County (Carol Berkman, J.), rendered November 10, 1992, convicting defendant, after a jury trial, of burglary in the second degree, criminal possession of stolen property in the fourth degree and possession of burglar's tools, and sentencing him to concurrent terms of 5 to 15 years, 1⅓ to 4 years, and 1 year, respectively, unanimously modified as a matter of discretion in the interest of justice, to the extent of reducing the sentence for the burglary conviction to a term of 3 to 9 years, and otherwise affirmed.

The initial police approach of defendant and his accomplice, during which the officer inquired about the garbage bag in the back seat of their car that appeared to contain several box-like containers, and had electrical equipment protruding from the top, was properly supported by a founded suspicion that criminality was afoot. The officer was proceeding based on information provided by the security officer of Columbia University, who was known to be reliable, that a certain unoccupied, double-parked car matched the description of a car used in several recent neighborhood burglaries, the officer's own recollection of a security flyer describing a similar car, and the appearance of defendant and his accomplice a short time later, coming from the vicinity of a Columbia residence building, carrying a black garbage bag. As the car passed, the officer stopped it, asked defendant's accomplice, who was driving, for his license and registration. Upon discovering that the driver had neither document, the officer then asked the two about the garbage bag, which each claimed belonged to the other and contained clothing. Both defendants voluntarily accompanied the officer to the precinct ostensibly to straighten out ownership of the car. While they were there, the school security officer filed a complaint alleging that earlier that day the defendants had trespassed in another building managed by Columbia, whereupon they were arrested for criminal trespass. Shortly thereafter, the victim of a burglary in the building in front of which the car had been double parked called the precinct, the items reported stolen matched the items recovered during a post-arrest inventory search of the car. Moreover, one of the items contained the victim's name, whereupon defendant and his accomplice were rearrested for burglary. We conclude that at each step police conduct was restrained and proportionate to the information available.

The court properly discharged a juror who had called in complaining of a fever and an intestinal flu (CPL 270.35),

since it could not be readily determined when the juror would be able to return (People v Rivera, 157 AD2d 599, lv denied 75 NY2d 969). Defendant's challenge to the substitution of another juror who was related to a prosecution witness is not preserved as a matter of law, and we decline to review it in the interest of justice.

Given trial counsel's manifest lack of diligence in securing the attendance of an expert witness (cf., Matter of Freire, 121 AD2d 285), as well as in timely informing the court and the prosecution of the need for such evidence, it was a proper exercise of discretion for the court to deny counsel's last minute request for a continuance, when the only evident reason for the witness's failure to testify at that time was his reluctance to take time away from his business.

Defendant raises several challenges to the prosecutor's opening comments, cross-examination, and summation. Many of these claims are unpreserved, and none require reversal.

Finally, in the interest of justice, we review defendant's claim that the court improperly considered a number of unsolved robberies in the neighborhood in imposing sentence, and find that the court did consider crimes that were not demonstrated to have a tangible connection to defendant (see, People v Villanueva, 144 AD2d 285, lv denied 73 NY2d 897), and that the maximum term imposed for this C felony (Penal Law § 70.00 [2] [c]) was excessive to the extent indicated. No weapons or violence were associated with the crimes and defendant did not flee or present a danger to law enforcement officials or others. Concur—Ellerin, J. P., Wallach, Ross and Williams, JJ.