■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CHEEK, Appellant. [629 NYS2d 224] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered March 12, 1993, convicting defendant, after a jury trial, of robbery in the second degree and sexual abuse in the first degree, and sentencing him, as a second felony offender, to consecutive terms of 7 to 14 years and 3 to 6 years, respectively, unanimously affirmed.

Since defendant conceded that the imitation gun was properly seized from him, and did not challenge his arrest on the ground that the issuance of a summons was pretextual, his contention that there was no probable cause for his arrest is unpreserved for appellate review as a matter of law (People v Carmona, 172 AD2d 151, 151-152, lv denied 78 NY2d 963), and we decline to review it in the interest of justice. If we were to review, we would find that there was probable cause to arrest defendant for possession of an imitation pistol. The driver of the livery cab in which defendant was a passenger veered the cab with its lights flashing and horn honking towards the patrol car and told the officers that defendant had a gun, and defendant then removed an imitation gun from his waistband

and threw it onto the floor (*People v Damaceno*, 214 AD2d 464). We would also find that it was proper to transport defendant to the precinct in order to verify his identity so as to issue a summons (*People v Ellis*, 62 NY2d 393, 396), and that there was reasonable suspicion to detain him there for further investigation after a telephone call to his wife confirmed that she was not the person named on various credit cards and receipts that had spilled out of a shopping bag as defendant was exiting the cab. Finally, we would find that there was probable cause to arrest defendant for robbery when the police, shortly after defendant's arrival at the precinct, contacted the person whose name appeared on the credit cards and receipts, who stated that she had been robbed and sexually abused earlier that day by a man with a gun, and gave a description of the items stolen that exactly matched those found in the bags (*People v Velazquez*, 211 AD2d 471, 472). We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Asch, Nardelli and Mazzarelli, JJ.