■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WOODARD, Appellant. [637 NYS2d 467] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered April 27, 1993, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of three to nine years imprisonment and one to three years imprisonment, respectively.

Ordered that the sentence is modified, on the law, by delet-

ing the provision thereof that the terms of imprisonment shall run consecutively and substituting therefor a provision that the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, he was not deprived of a fair trial as a result of the discharge of a sworn juror. The juror telephoned on the second day of trial and explained that she was ill and would be unable to attend that day, but stated that she would make every effort to be present the following day. The court granted an adjournment, but on the following day the juror was again sick with the flu. The juror could not predict when she would be well enough to return to court. Under these circumstances, the court did not improvidently exercise its discretion by discharging this juror (*see*, CPL 270.35; *People v Rivera*, 172 AD2d 570).

However, upon our review of the record, we agree with the defendant's contention that the evidence adduced at trial, consistent with the theory of the case espoused by the People, demonstrated that the same act gave rise to liability for both the defendant's conviction of criminal possession of a weapon in the second degree (Penal Law § 265.03) and his conviction of reckless endangerment in the first degree (Penal Law § 120.25). Accordingly, the sentences imposed on these two convictions must run concurrently with each other (Penal Law § 70.25 [2]; *People v Day*, 73 NY2d 208; *People v Braithwaite*, 63 NY2d 839). Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.