■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC WHYTE, Appellant. [681 NYS2d 46] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered October 29, 1996, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt because the complainant's testimony was inconsistent, unreliable, and uncorroborated by other evidence is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The trial court did not improvidently exercise its discretion in discharging a juror due to illness and replacing her with an alternate juror. The record demonstrates that the court conducted a "reasonably thorough" inquiry into the matter (CPL 270.35 [2] [a]; *People v Page,* 72 NY2d 69), which revealed that the juror had a medical problem. She was unsure as to when or whether she would be able to return to service, but indicated that she would be unable to resume jury duty that day and might require a medical procedure. She also explained that even if she did return, she might experience problems in the future due to her condition. Given these circumstances, the discharge of the juror was proper (*see, People v Males,* 227 AD2d 645; *People v Woodard,* 223 AD2d 746; *People v Velazquez,* 211 AD2d 471; *People v Jamison,* 203 AD2d 385). Sullivan, J. P., Altman, Krausman and Florio, JJ., concur.