█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY S. NEAL, Appellant. [740 NYS2d 917] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered May 16, 2000, convicting defendant after a jury trial of, inter alia, course of sexual conduct against a child in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of course of sexual conduct against a child in the second degree (Penal Law former § 130.80 [a]) and five counts of endangering the welfare of a child (§ 260.10 [1]). Defendant contends that Supreme Court failed to make a proper inquiry into the physical condition of a sworn juror and erred in discharging that juror based on illness. Those contentions are not preserved for our review (*see People v Fox,* 172 AD2d 218, 220, *lv denied* 78 NY2d 966), and in any event are without merit. The court conducted a "reasonably thorough inquiry" before discharging the juror and replacing him with an alternate juror (CPL 270.35 [2] [a]; *see People v Page,* 72 NY2d 69, 73; *People v Whyte,* 255 AD2d 407, *lv denied* 92 NY2d 1040; *People v Reed,* 236 AD2d 866, 866, *lv denied* 89 NY2d 1099). The juror had a note from his doctor indicating that he had a contagious eye disease, and he was instructed not to return to work for three days. Under those circumstances, which included the possibility that the juror might infect the other jurors, the court did not err in discharging the juror (*see People v Miranda,* 223 AD2d 728, 729, *lv denied* 88 NY2d 882).

Defendant contends that the court improperly restricted his cross-examination of two complainants with respect to statements made by them to the police regarding a neighborhood child who was missing. Contrary to defendant's contention, only one complainant made statements to the police regarding that incident, and defense counsel sought to cross-examine only that complainant. Defendant's contention on appeal with respect to the other complainant is therefore both unpreserved for our review and without merit. With respect to the complain-

ant whom defense counsel sought to cross-examine, we note that "the scope of cross-examination of a witness concerning collateral matters designed to impeach credibility is within the broad discretion of the trial court" (*People v Pritchett,* 248 AD2d 967, 968, *lv denied* 92 NY2d 929; *see People v Rivera,* 256 AD2d 1098, 1099, *lv denied* 93 NY2d 977; *People v Delcarpio,* 221 AD2d 359, 360, *lv denied* 87 NY2d 920). The court did not improvidently exercise its discretion in this case. Present— Pigott, Jr., P.J., Hayes, Burns, Gorski and Lawton, JJ.