[618 NYS2d 328]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ALASHIA MONTGOMERY, Appellant.

First Department, November 15, 1994

## APPEARANCES OF COUNSEL

*Lawrence Mark Stern* of counsel *(Jesse Berman,* attorney), for appellant.

*Nikki Kowalski* of counsel *(Alan Gadlin* on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), for respondent.

## OPINION OF THE COURT

ROSENBERGER, J.

At about three o'clock one afternoon, the defendant and three other teenagers surrounded a student on the subway and attempted to steal her earrings. When the student resisted, the defendant stabbed her in the back with a kitchen knife, puncturing her left lung and aorta. The victim bled to death within minutes. Numerous passengers on a well-lit train witnessed the incident.

The defendant was later arrested, and two postarrest lineups were conducted. Fillers were recruited whose average age was 34, 19 years older than the 15-year-old defendant; one stand-in for the teen was 42 years old. Fillers were instructed to give false ages on the required forms. Though defense

counsel was present at the lineups, he was prohibited, at one of them, from inquiring as to the ages of the participants. The People declined to request immunity for the fillers.

Law enforcement personnel also distorted the appearance of the lineup participants by wrapping their heads in white sheets in one viewing, and by spray dyeing their hair in another, in an alleged effort to make them look more like the defendant. An investigator delayed one lineup due to an alleged telephone problem. The delay resulted in the defendant remaining before the viewing window for 5 to 10 minutes in excess of the stand-ins.

■ The second line-up, the only one challenged by the defendant, was appropriately suppressed, but the defendant now seeks dismissal of the indictment based upon outrageous law enforcement conduct *(see, People v Isaacson,* 44 NY2d 511, 522-523). While we agree that the behavior was inexcusable, it is not analogous to that in *Isaacson,* where the police manufactured a crime in New York State. Here there was overwhelming independent evidence inculpating the defendant, and the crime had been completed before any police involvement.

In all but the rarest of cases, such as the "manufactured" crime *(People v Isaacson, supra)* and discriminatory prosecution *(Yick Wo v Hopkins,* 118 US 356; *Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686), suppression or a curative charge, not dismissal of the indictment, is the remedy. We decline to dismiss this accusatory instrument.

■ In addition, the trial court properly found that, with the exception of one witness whose view of the incident was impeded by the fact that she was not wearing her prescription glasses, and whose prospective in-court identification of the defendant was suppressed, the eyewitnesses had sufficient independent source basis for in-court identification purposes. Each witness had ample opportunity to view the defendant at close range and under good lighting conditions. Each had paid particular attention to the defendant at various times during the extended incident. Each had provided a prior consistent and detailed description of the knife wielder *(see, People v Malloy,* 55 NY2d 296, 300, *cert denied* 459 US 847).

■■ We also find that evidence of prior uncharged crimes was properly admissible as relevant to defendant's intent in connection with the additional counts of the indictment *(see, People v Santarelli,* 49 NY2d 241, 247-248). The trial court properly exercised its discretion to exclude the defendant's

brother from the courtroom during the testimony of an accomplice witness, upon ascertaining that the witness' obvious distress was a result of a recent threat that one of the defendant's brothers would retaliate in the event the witness testified at trial *(see, People v Parker,* 193 AD2d 571, *lv denied* 82 NY2d 757).

Accordingly the judgment, Supreme Court, New York County (Angela Mazzarelli, J.), rendered November 20, 1992, convicting defendant, after a nonjury trial, of murder in the second degree, and sentencing her, as a juvenile offender, to a term of 9 years to life, should be affirmed.

SULLIVAN, J. P., CARRO, WALLACH and RUBIN, JJ., concur.

Judgment, Supreme Court, New York County, rendered November 20, 1992, affirmed. [As amended by unpublished order entered Feb. 2, 1995.]