OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The People conceded at a
 
 Wade
 
 hearing that five fillers who were significantly older than the 15-year-old defendant were placed in a lineup with defendant and that the lineup report falsely stated that the fillers were teenagers when their ages actually ranged from 28 to 42. After a
 
 Wade
 
 hearing, the court determined that the lineup was tainted by undue suggestion and suppressed the lineup identifications emanating therefrom. Citing this Court’s decision in
 
 People v Isaacson
 
 (44 NY2d 511), defendant contends that reversal of her conviction for second degree murder is warranted because, in addition to suppressing the lineup identifications, the trial court should have imposed a sanction on the People for their misconduct by either dismissing the indictment or suppressing the in-court identifications of defendant made by witnesses who had viewed the tainted lineup.
 

 
 *1043
 
 The transcripts of the pretrial
 
 Wade
 
 hearing, the trial court’s written
 
 Wade
 
 decision and other materials in the record reveal that the court and counsel agreed that the
 
 Wade
 
 hearing was limited to a determination of the issues of suggestiveness and independent source, that the
 
 Isaacson
 
 claim was beyond the scope of the
 
 Wade
 
 proceeding and that defendant should raise any prosecutorial misconduct claim by a future
 
 Clayton
 
 motion
 
 (see, People v Clayton,
 
 41 AD2d 204). While defense counsel did claim at the
 
 Wade
 
 hearing that certain in-court identifications should have been suppressed, that claim was predicated on the different ground that they were tainted by the unduly suggestive lineup and were not derived from an independent source — an issue properly resolved at the
 
 Wade
 
 hearing. The record supports the determinations of both the suppression court and the Appellate Division that independent sources served as the predicate for those in-court identifications, rendering that issue beyond this Court’s further review.
 

 The record does not establish that the defense ever made a subsequent
 
 Clayton
 
 motion or in any way sought to litigate the separate question of an appropriate sanction for the People’s misconduct at any other time. Accordingly, that claim is unpreserved for our review.
 

 Defendant’s remaining claims lack merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.