THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JOHNSON, Appellant. [676 NYS2d 145] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J., at pretrial hearings; Alfred Donati, J., at jury trial and sentence), rendered January 12, 1995, convicting defendant of two counts of robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years, unanimously affirmed.

The record supports the hearing court's finding that the complainant's extended, closeup and unobstructed observations of defendant, under good lighting conditions, both before and during the robbery, provided sufficient basis for the complainant's in-court identification of defendant, independent of the tainted lineup procedure (*see*, *People v Montgomery*, 205 AD2d 259, 261, *affd* 88 NY2d 1041). The hearing court ap-

propriately exercised its discretion in denying defendant's application, in connection with the independent source issue, to present pedigree data that had already been brought to the court's attention and which, in the circumstances, would not have given the court reason to alter its original decision (*see, People v Anthony*, 165 AD2d 876, *lv denied* 77 NY2d 903).

According due deference to the hearing court's credibility determinations (*see, People v Prochilo*, 41 NY2d 759, 761), the record supports the court's determination that defendant's statement to the police was spontaneous and not the product of police interrogation or the functional equivalent thereof (*see, People v Gonzales*, 75 NY2d 938, 940, *cert denied* 498 US 833).

Since defendant did not proceed *pro se* at trial, but rather participated in his defense by submitting questions for his counsel to pose to various witnesses, and by offering supplemental argument for the court's consideration, the court's advice to defendant, who indicated experience with courtroom procedure, that *pro se* representation involved risks that would best be handled by his experienced attorney, sufficed to protect defendant's interests (*see, People v Cabassa*, 79 NY2d 722, 730-731, *cert denied sub nom. Lind v New York*, 506 US 1011; *see also, People v Timmons*, 199 AD2d 8, *lv denied* 83 NY2d 811).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Lerner, P. J., Rubin, Williams, Mazzarelli and Andrias, JJ.