■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY GOSSO, Appellant. [838 NYS2d 58]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered June 8, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly granted defendant's request to proceed pro se for part of the cross-examination of the main undercover officer. The court conducted a proper inquiry in which it fully explained to defendant the dangers of self-representation and the importance of using a trained lawyer, and the record establishes that defendant, who had an extensive criminal record and claimed to have a college degree, had the experience and intelligence to understand the court's warnings and knowingly waive his right to counsel (*see People v Providence*, 2 NY3d 579, 581 [2004]). Furthermore, defendant represented himself for only a portion of the trial (*see People v Cabassa*, 79 NY2d 722, 730-731 [1992], *cert denied sub nom. Lind v New York*, 506 US 1011 [1992]; *People v Johnson*, 251 AD2d 183 [1998], *lv denied* 92 NY2d 950 [1998]; *People v Timmons*, 199 AD2d 8 [1993], *lv denied* 83 NY2d 811 [1994]).

The court properly exercised its discretion in imposing reasonable limits on the scope of cross-examination (*see People v Melcherts*, 225 AD2d 357 [1996], *lv denied* 88 NY2d 881 [1996]). Defendant received ample opportunity to explore whether the police injured him in making the arrest and to thus raise a bias issue, as well as to take advantage of the fact that the police recovered buy money from a codefendant but not from defendant. There was no violation of defendant's right to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.