■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JONES, Appellant. [838 NYS2d 64]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered January 5, 2005, convicting defendant, after a jury trial, of rape in the first degree, criminal sexual act in the first degree and attempted rape in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 22 years, unanimously affirmed.

There is no merit to defendant's claim that the court made remarks that impinged upon, or improperly dissuaded him from exercising, his constitutional right of self-representation. Although defendant complained about his attorney at various points in the proceedings, he never made an unequivocal request to represent himself. Nevertheless, the court made it clear to defendant that, if he so desired, he could proceed pro se, in which case his attorney would continue as standby counsel. In discussing this option, the court properly warned defendant, who had been behaving in an unruly manner, that if he chose to represent himself but misbehaved, his pro se status would not prevent his removal from the courtroom. The court never suggested or implied that in that event, standby counsel would also be removed. Defendant also challenges a remark by the court warning defendant that by representing himself he might increase the danger of being convicted and receiving a severe sentence. In context, it is clear that the court did not threaten to increase defendant's sentence if he represented himself.

At various points during colloquy regarding potential defense witnesses, defendant as well as his attorney addressed the court and related the substance of the expected testimony from the witnesses. At no point, however, did defendant voice any objection let alone his current objection that the court violated his right to counsel by "requir[ing]" him to represent himself. Accordingly, this claim is not preserved for review and we decline to review it in the interest of justice. Were we to review it, we would find it to be meritless. The record establishes that the court simply asked defense counsel for an offer of proof regarding certain witnesses and that both defense counsel and defendant participated in the proffer. Defendant voluntarily participated in his defense by providing input as to the alleged relevance of proffered testimony, and there was no violation of his right to counsel (see People v Johnson, 251 AD2d 183 [1998],

*lv denied* 92 NY2d 950 [1998]). Although defendant and counsel did not agree on which witnesses should be called, and although the decision to call witnesses is normally one to be made by counsel (*see People v Ferguson*, 67 NY2d 383, 390 [1986]), the fact that the court indulged defendant's desire to provide his own input does not entitle him to a reversal (*see People v Petrovich*, 87 NY2d 961 [1996]).

Defendant did not preserve his claim that the court should have excused the jury before granting his request to be removed from the courtroom, and we decline to review it in the interest of justice. Were we to review this claim, we would find no basis for reversal. Defendant argues that the court should have excused the jurors in order to prevent them from seeing him led away by court officers, and thus taking note of his incarcerated status. However, by the time defendant demanded to leave, he was openly defiant of the court's rulings, had argued with the court in front of the jury, had made audible comments during testimony and had become disruptive. In these circumstances of defendant's own making, the court properly exercised its discretion when it acceded to defendant's request and restored order by immediately removing him (*see People v Palermo*, 32 NY2d 222, 226 [1973]).

We perceive no basis for reducing the sentence. Concur—Marlow, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.