■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR LEE, Appellant. [992 NYS2d 429]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered January 26, 2012, as amended February 24, 2012, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

Defendant's constitutional right of confrontation was violated when the court read the transcript of the codefendant's guilty plea allocution to the jury. The codefendant's statements by which she inculpated defendant, were testimonial hearsay by a nontestifying declarant, whom defendant did not have a prior opportunity to cross-examine (see Crawford v Washington, 541 US 36 [2004]).

The People's argument that the Confrontation Clause was inapplicable because defendant himself introduced the evidence is unavailing. Although defendant personally requested the introduction of the evidence, he was not appearing pro se. Defendant was represented by counsel throughout the case, and there was no form of hybrid representation. The decision to introduce evidence was not a fundamental decision reserved to defendant, but a strategic or tactical decision for his attorney (see People v Jones, 41 AD3d 242, 243 [1st Dept 2007], lv denied 9 NY3d 923 [2007]). Thus, defendant was deprived of his right to counsel when the court admitted the evidence solely based on his own request, over his attorney's vigorous and consistent op-

position (*see People v Colville*, 20 NY3d 20, 32 [2012]). Likewise, since the decision to object to evidence is relegated to the attorney, the admission of testimonial hearsay in violation of the Confrontation Clause constitutes a preserved error here. On appeal, defendant also challenges the same evidence on the grounds that he was deprived of due process because the defense lacked an opportunity to comment on the evidence before the jury, and that the court improvidently exercised its discretion by untimely admitting the evidence after the jury had begun deliberating. Although these additional arguments are unpreserved, reversal is further warranted based on those claims, in the interest of justice. New evidence may be admitted during jury deliberation only with "the utmost caution" (*People v Olsen*, 34 NY2d 349, 353 [1974]). That standard was not met under the circumstances of this case, given the risk that the evidence would receive "undue emphasis" as a result of "the drama of discovery" at the proverbial last minute (*id.* at 353-354).

The errors in admitting the evidence were not harmless, because the codefendant's admission to working with defendant to sell cocaine to an undercover police officer bore on the central issue at trial, namely whether he acted as the agent of the buyer (*see People v Crimmins*, 36 NY2d 230 [1975]).

Since we are ordering a new trial, we find it unnecessary to discuss defendant's other arguments, except that we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.