■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HUTTER, Appellant. [24 NYS3d 302]—

Judgment, Supreme Court, New York County (Patricia Nunez, J.), rendered April 18, 2013, convicting defendant, after a jury trial, of tampering with a witness in the fourth degree, and sentencing him to a term of one year, unanimously modified, on the law, to the extent of reducing the mandatory surcharge to $175, and otherwise affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Pavao*, 59 NY2d 282, 292 [1983]). Although one of the prior convictions about which the court permitted inquiry was somewhat similar to the charged crime, the prior conviction involved dishonesty and was highly relevant to defendant's credibility.

Defendant did not preserve his claim that the indictment should have been dismissed on the ground that the prosecutor's conduct in obtaining the testimony of witnesses violated due process (*see People v Montgomery*, 88 NY2d 1041 [1996]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant has not shown that the testimony of two prosecution witnesses, each of whom received immunity, was coerced, or that defendant was aggrieved in any way by the prosecutor's allegedly coercive conduct. There is no indication that either witness was induced to falsely incriminate defendant; in any event, the circumstances of the investigation were revealed to the trial jury, which was in the best position to determine whether the prosecutor's conduct impaired the credibility of the witnesses.

Defendant also failed to preserve his challenge to the court's charge on fourth-degree witness tampering, and we likewise decline to review it in the interest of justice. As an alternative holding, we find that the charge, viewed as a whole, conveyed the proper standards (*see People v Samuels*, 99 NY2d 20, 25 [2002]).

As the People concede, defendant, who was convicted of a misdemeanor, was erroneously assessed the $300 surcharge applicable to a felony conviction. Concur—Mazzarelli, J.P., Moskowitz, Richter and Gische, JJ.