People v Sharp (2018 NY Slip Op 00623)





People v Sharp


2018 NY Slip Op 00623


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Sweeny, J.P., Manzanet-Daniels, Webber, Kahn, Moulton, JJ.


5591 3651/08

[*1]The People of the State of New York, Respondent,
v
Vernon Sharp, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diane N. Princ of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas A. Farber, J.), rendered May 11, 2010, as amended June 3 and June 4, 2010, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Two eyewitnesses who knew defendant identified him as the person who shot the deceased, and there was extensive corroborating evidence, including, among other things, evidence of a revenge-related motive, and an incriminating statement made by defendant to an acquaintance.
Defendant's claim that his murder conviction should be reduced to first-degree manslaughter under a theory of extreme emotional disturbance (Penal Law § 125.25[1]) is beyond the scope of our weight-of-the-evidence review because no such defense was raised at trial, and no instruction on that defense was requested by defendant or delivered by the court (see People v Noble, 86 NY2d 814, 815 [1995]). In any event, there is nothing in the record to support either the objective or subjective elements of that defense (see generally People v Roche, 98 NY2d 70, 75-76 [2002]).
The record established an overriding interest in partially, and later completely, closing the courtroom during the testimony of an identifying eyewitness (see Waller v Georgia, 467 US 39, 48 [1984]), and the other requirements of Waller were likewise satisfied as to both closures. The witness's "extreme fear of testifying in open court was sufficient to establish an overriding interest" (People v Frost, 100 NY2d 129, 137 [2003]), because the witness's inability to testify without the closures at issue "could have severely undermined the truth seeking function of the court" (People v Ming Li, 91 NY2d 913, 917 [1998]) in this gang-related murder case.
Although the initial partial closure consisted of the exclusion of several persons, defendant only challenges the exclusion of his cousin. Before the partial closure, the court conducted a hearing at which the witness testified that he previously had been threatened for cooperating with the prosecution in another trial, that he had heard threats made against potential prosecution witnesses in the present case, and that he and his family lived in the same neighborhood where the shooting occurred. The court was entitled to credit the witness's testimony that he felt threatened by defendant's cousin and could not testify in his presence (see People v Williams, 132 AD3d 439 [1st Dept 2015], lv denied 26 NY3d 1093 [2015]; People v Montgomery, 205 AD2d 259, 261-62 [1st Dept 1994], affd on other grounds, 88 NY2d 1041 [1996]). Although the cousin did not make any direct threats to the witness, he appeared to be closely associated with a person who did so.
The record also supports the complete closure of the courtroom after the witness refused to continue his testimony upon the arrival of other spectators whom he feared. Initially, we find that defendant withdrew or waived any claim that the court was required to reinterview the [*2]witness regarding his fears, and we decline to review it in the interest of justice. In any event, the court providently exercised its discretion (see People v Jones, 47 NY2d 409, 414 [1979]) in relying on statements by the prosecutor and a court officer that the witness would not return to the stand even if threatened with jail for contempt, and that he became terrified after his brother phoned and told him not to testify out of fear for his and his family's safety. Moreover, the witness's own court-appointed counsel provided confirmation that his client needed to testify in a closed courtroom. The record also establishes that after defendant's cousin was excluded, he escorted to the courtroom two new spectators whom the witness knew and feared, who sat with the defense, and that one of these men kissed one of defendant's relatives hello. In light of that fact, the witness's brother's phone call, and the previously stated factors, the evidence "raised serious concerns about witness safety and intimidation," and established an overriding interest in closing the courtroom (People v Ford, 133 AD3d 442, 443 [1st Dept 2015], lv denied 27 NY3d 1150 [2016]). Given the intimidating atmosphere, and the apparent close connection between defendant's family and the particular persons whom the witness feared, the record establishes a need for a complete closure, even to family members.
The trial court properly denied defendant's constitutional speedy trial motion, made on the ground of prearrest delay (see People v Decker, 13 NY3d 12, 14 [2009]; see also United States v Lovasco, 431 US 783, 790 [1977]; People v Taranovich, 37 NY2d 442, 445 [1975]). The People satisfactorily explained that the delay between the murder and defendant's arrest was the product of difficulty in obtaining the cooperation of witnesses, and we find no basis for dismissing the indictment. We have considered and rejected defendant's procedural arguments regarding the motion, including his claim that a remand for a hearing is necessary.
To the extent defendant is claiming a violation of his right to counsel at trial, that claim is unreviewable on direct appeal because it is based on information outside the record.
We perceive no basis for reducing the sentence
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK