(April 12, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO PANIAQUA, Appellant.—Judgment of the Supreme Court, New York County (Edward McLaughlin, J.), rendered January 13, 1988, convicting the defendant, after a jury trial, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [1]) and sentencing him to concurrent terms of 22 years to life on the possession count and one year on the drug paraphernalia count, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant contends that he was deprived of his constitutional right to be tried by a jury of his choice when the trial

court discharged a sworn juror upon the ground that the juror was "unavailable for continued service" (CPL 270.35). The juror failed to appear as directed at 9:30 on the morning of December 3, 1987. At 10:00 A.M. a court officer attempted to reach the juror by phone without success. At 10:05 an alternate juror was substituted for the missing juror over defendant's objection.

While the court under CPL 270.35 is accorded considerable latitude to discharge an unavailable juror in order to prevent undue delay of the proceedings, the court's exercise of discretion in this area must be tempered by concern for preserving the valued right of the defendant to be tried by the jury he has participated in selecting *(People v Page,* 72 NY2d 69, 73). Accordingly, the decision to discharge a juror for unavailability must be supported by "a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing a juror" *(supra,* at 73). On the present record, which contains no recitation of the facts and reasons for the invocation of the statutory authorization, we are unable to say whether the decision to discharge the juror as unavailable was warranted. It would appear, however, that the decision, taken at a time when the juror was barely half an hour late and after there had been only the most minimal attempts at reaching the juror, was too precipitously made. We are, in any event, unable to infer a sufficient legal basis to sustain the decision. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.