■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MEDINA, Appellant.—Judgment of the Supreme Court, New York County (Herman Cahn, J.), rendered on June 16, 1987, convicting defendant, following a jury trial, of attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal use of a firearm in the first degree and reckless endangerment in the first degree and sentencing him, concurrently, to two terms of from 3 to 9 years and two terms of from 2 to 6 years, respectively, is unanimously reversed on the law and the matter remanded for a new trial.

Defendant contends, and the People concede, that reversal is mandated as a result of the trial court's discharge of a sworn juror without first having made any fact findings pursuant to CPL 270.35 to establish that the subject juror was unavailable for continued service under the criteria set forth in People v Page (72 NY2d 69). In that regard, the court waited only the briefest of periods before releasing the juror, a half hour on a Monday morning after a recess of several days just prior to the commencement of deliberations, and failed to make any reasonable effort to ascertain whether the juror was actually unavailable. We have previously noted that such a discharge may be too precipitously made, particularly where the record does not demonstrate a sufficient factual basis to support the court's action (see, People v Paniaqua, 160 AD2d 334; People v Sanchez, 160 AD2d 554). Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.