■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES PEREGDA, Appellant.—Judgment, Supreme Court, New York County (Albert Williams, J.), rendered June 16, 1988, which, after a jury trial, convicted defendant of the crimes of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16) and which sentenced him, as a second felony offender, to two concurrent indeterminate prison terms of from 4½ to 9 years, is unanimously reversed, on the law and on the facts, judgment vacated, and the matter remanded for a new trial.

By New York County indictment number 4683 of 1986, a Grand Jury charged defendant with committing the crimes of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), criminal possession of a controlled substance in the third degree (Penal Law § 220.16) and seventh degree (Penal Law § 220.03).

At trial, the People's evidence indicated, in substance, that, during the early afternoon on February 18, 1986, in front of a camera shop located at 115 West 42nd Street, New York County, defendant and a female companion sold "crack" to an undercover police officer, with the defendant handing two vials of "crack" to the officer in exchange for $20.

Thereafter, the jury convicted defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

On appeal, the defendant contends that the trial court deprived him of a fair trial, when that court improperly discharged a sworn juror.

Our review of the record indicates these pertinent facts concerning the discharge of the subject juror. After three jurors, including juror number one, the foreperson, had been chosen and sworn on Thursday, December 3, 1987, the trial court excused them, and directed that they return Monday, December 7th. Jury selection was completed during December 7th, when nine more jurors, as well as three alternates, were chosen and sworn. Since juror number one apparently never appeared in the courthouse on December 7th, at approximately 5:00 P.M. that day, the trial court substituted an alternate for juror number one. The next morning, December 8th, defense counsel objected, upon the basis that the trial court, before substituting the alternate, had not made the type of inquiry into the reason that juror number one was "unavailable for continued service", as required by CPL 270.35. Over that objection, the trial court commenced the trial on December 8th.

In view of the fact that defense objection was made prior to opening statements, under the circumstances of this case, we deem that objection timely (CPL 470.05).

We have recently held that a trial court abuses its discretion when it discharges a sworn juror without thoroughly inquiring on the record concerning the reason for the unavailability of such juror for continued service (People v Paniaqua, 160 AD2d 334; People v Olaskowitz, 162 AD2d 322). In pertinent part, we stated in People v Paniaqua (supra, at 335): "While the court under CPL 270.35 is accorded considerable latitude to discharge an unavailable juror in order to prevent undue delay of the proceedings, the court's exercise of discretion in this area must be tempered by concern for preserving the valued right of the defendant to be tried by the jury he has participated in selecting (People v Page, 72 NY2d 69, 73). Accordingly, the decision to discharge a juror for unavailability must be supported by 'a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing a juror' (supra, at 73)."

In view of the fact that our examination of the record indicates that the trial court did not make any inquiry into the reason why juror number one was absent on December 7th, we find that the trial court abused its discretion by substituting an alternate, since such action deprived defendant of his constitutional right "to be tried by the jury he has participated in selecting" (People v Paniaqua, supra, at 335).

Accordingly, we reverse, and remand for a new trial. Concur —Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.