■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MARTINEZ, Appellant. [636 NYS2d 78] —Appeal by defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 13, 1993, convicting him of kidnapping in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In December 1992, the defendant and several codefendants, including Jose O'Connor *(see, People v O'Connor,* 222 AD2d 705 [decided herewith]), kidnapped a victim and held him hostage in a building in Queens for several days. The kidnappers attempted to extort ransom money from the victim's family in exchange for his release. Police detectives monitored and recorded telephone conversations between the defendant, among others, and the victim's family members.

The audio tapes of the telephone conversations, which were entirely in Spanish, were admitted into evidence at trial. An English translation of the tapes, which was prepared by an official court interpreter who was subjected to cross examination by the defendant, was provided to the jury but was not admitted into evidence. Although the defendant now argues that the Supreme Court erred in allowing the jury to consider the translation without admitting it into evidence *(see,* CPL 310.20), the argument is unpreseved for appellate review *(see, People v George,* 67 NY2d 817, 819). In any event, although the proper course would have been to admit the translation into evidence *(see, e.g., People v Lanfronco,* 176 AD2d 201; *People v Santos,* 168 AD2d 392), we find the error harmless in light of the Supreme Court's efforts to certify its accuracy *(see, e.g., People v Blanco,* 162 AD2d 540, 543-544; *see also, People v Tapia,* 114 AD2d 983). Indeed, the defendant conceded the accuracy of the content of the translation at trial.

The defendant's contention that the Supreme Court erred in dismissing a sworn juror during the trial is also without merit *(see, People v O'Connor, supra),* as is the claim that the court improvidently exercised its discretion in precluding the defendant from offering alibi testimony. As to the latter argument, the defendant did not show good cause for his failure to serve timely notice of alibi as required by CPL 250.20 *(see, People v Smith,* 208 AD2d 965; *People v Toro,* 198 AD2d 532, 533; *People v Caputo,* 175 AD2d 290).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 86). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.