■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE O'CONNOR, Appellant. [636 NYS2d 77] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 13, 1993, convicting him of kidnapping in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

In December 1992, the defendant and several codefendants *(see, People v Martinez,* 222 AD2d 702 [decided herewith]), kidnapped a victim and held him in a building on the Horace Harding Expressway in Queens for several days. The perpetrators demanded approximately $60,000 in ransom money (later reduced to about $30,000) from the victim's relatives and friends. The evidence at trial showed that this defendant punched, kicked, and threatened to kill the victim with a gun. When police officers arrived at the scene, they found the defendant guarding the handcuffed victim in a small back room of the building, and arrested him. The officers subsequently recovered the gun from a wastebasket where the victim indicated it had been hidden.

These facts and circumstances, when viewed together, convinced the experienced officers that the defendant was a participant in the kidnapping; hence, there was probable cause for his arrest *(see, People v Oden,* 36 NY2d 382, 384; *see also, People v Bigelow,* 66 NY2d 417, 423; *People v Pegram,* 203 AD2d 391; *People v Fernandez,* 185 AD2d 944, 945; *People v Javier,* 175 AD2d 182). Moreover, the gun seized pursuant to the lawful arrest was properly used to prove the defendant's guilt at trial *(see, e.g., Wong Sun v United States,* 371 US 471; *People v Young,* 55 NY2d 419, 424, *cert denied* 459 US 848).

During the trial, which lasted more than three weeks, a sworn juror became "unavailable for continued service" pursuant to CPL 270.35. The court conducted a reasonably thorough inquiry and recited on the record the facts and reasons for the dismissal of the juror, as required *(see, People v Page,* 72 NY2d 69, 73; *cf., People v Peregda,* 164 AD2d 849; *People v Paniaqua,* 160 AD2d 334).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 86).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.