THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RIVERA, Appellant. [709 NYS2d 416] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 10, 1997, convicting him of conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial which lasted more than five weeks, a sworn juror became unavailable for continued service by reason of illness. Contrary to the defendant's contention, the court conducted a reasonably thorough inquiry and recited on the

record the facts and reasons for the dismissal of that juror, as required (*see,* CPL 270.35; *People v Page,* 72 NY2d 69, 73; *People v O'Connor,* 222 AD2d 705).

The defendant has not preserved for appellate review his contentions that the trial court committed reversible error when it relegated the accomplice status of a particular witness to the jury for resolution as a question of fact, and that the People failed to present sufficient non-accomplice testimony to corroborate that witness's testimony (*see,* CPL 470.05 [2]). In any event, the defendant's contentions have no merit. Where different inferences can be reasonably drawn from the evidence produced at trial, the question of whether a particular person is an accomplice is a question of fact for the jury (*see, People v Cobos,* 57 NY2d 798; *People v Jeffries,* 122 AD2d 281; *People v Tusa,* 137 AD2d 151). Here, the court properly so charged the jury and the witness's testimony was sufficiently corroborated (*see, People v Daniels,* 37 NY2d 624).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.