■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS CORNELIO MORENITO, Also Known as CORNELIO SOSA, Appellant. [722 NYS2d 841] —Judgment unanimously affirmed. Memorandum: Defendant contends that, because the People failed to file a CPL 710.30 notice, Supreme Court erred in denying his motion to preclude a Rochester police officer from

testifying that, when he heard defendant's voice following defendant's arrest, he recognized it as a voice he heard in many of the telephone conversations intercepted pursuant to an eavesdropping warrant. We disagree. The identification of defendant's voice by a trained police officer who had become familiar with it while monitoring over 150 telephone calls over a 20-day period was confirmatory and therefore not subject to the notice requirement of CPL 710.30 (*see, People v Deleon,* 273 AD2d 27, 28, *lv denied* 95 NY2d 933). Defendant failed to preserve for our review his contention that he was denied due process by the substitution of the Trial Justice during jury deliberations (*see, People v Artist,* 95 NY2d 793), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Monroe County, Bender, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Lawton, JJ.