■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ROQUE, Appellant. [737 NYS2d 306] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 10, 1997, convicting him of conspiracy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial, a juror became "unable to continue serving by reason of illness" (CPL 270.35 [2] [a]). Contrary to the defendant's contention, the Supreme Court conducted "a reasonably thorough inquiry and recit[ed] on the record * * * the facts and reasons" for discharging the juror (*People v Page,* 72 NY2d 69, 73; *see, People v O'Connor,* 222 AD2d 705).

The defendant's contentions that the Supreme Court committed reversible error when it referred a witness's accomplice status to the jury for resolution as a question of fact, and that the prosecution failed to present sufficient nonaccomplice testimony to corroborate that witness's testimony, are unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the defendant's contentions are without merit. "[W]here different inferences can be reasonably drawn from the evidence produced at trial, the question of whether a particular person is an accomplice is a question of fact for the jury" (*People v Jeffries,* 122 AD2d 281, 282; *see, People v Cobos,* 57 NY2d 798; *People v Tusa,* 137 AD2d 151). The Supreme Court properly charged the jury on that issue, and the witness's testimony was sufficiently corroborated (*see, People v Daniels,* 37 NY2d 624).

After consulting with the defendant, the defense counsel effectively waived the defendant's right to a public trial by consenting, in his presence, to the closure of the courtroom during the testimony of two undercover officers (*see, People v Miller,* 257 NY 54; *People v Sevencan,* 258 AD2d 485; *People v Daughtry,* 242 AD2d 731; *People v Espejo,* 237 AD2d 458).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Krausman, J.P., Luciano, Adams and Townes, JJ., concur.