■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER O'CONNER, Appellant. [804 NYS2d 166]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered December 3, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On this appeal from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), defendant contends that he was effectively denied his right to counsel at a critical stage of the proceedings, i.e., at sentencing. We reject that contention. At no point was defense counsel relieved of his assignment, and defense counsel never "indicated that he did not intend to say anything with respect to" defendant's sentencing (*People v Bell*, 141 AD2d 749, 750 [1988]). Without consulting defense counsel, defendant rejected Supreme Court's offer to permit him to withdraw his guilty plea, having been informed by the court that he faced the possibility of being sentenced as a persistent felony offender if convicted after trial. Defense counsel continued to participate in the sentencing proceedings, however, and further advised defendant concerning the right to appeal. Finally, "[d]efendant received the bargained-for sentence, and thus we reject his further contention that the sentence is unduly harsh or severe" (*People v Santiago*, 1 AD3d 957, 957 [2003], *lv denied* 1 NY3d 601 [2004]; *see People v Candelario*, 307 AD2d 771, 772 [2003], *lv denied* 1 NY3d 595 [2004]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.