■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOISES COLON, Appellant. [845 NYS2d 731]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered September 12, 2005, convicting defendant, after a jury trial, of attempted criminal possession of a controlled substance in the first degree, conspiracy in the second degree, criminal possession of a weapon in the second and third degrees (three counts each), attempted grand larceny in the third degree, and criminal impersonation in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously modified, on the law, to the extent of vacating the persistent violent felony offender adjudication and the sentences on the second-degree weapon convictions and remanding the matter for further proceedings consistent herewith, and, as a matter of discretion in the interest of justice, to the extent of vacating the third-degree weapon convictions and dismissing those counts of the indictment, and otherwise affirmed.

458

Defendant did not preserve his claim that his conviction was the product of governmental misconduct (see People v Montgomery, 88 NY2d 1041 [1996]), and we decline to review it in the interest of justice. Were we to review this claim, we would find it without merit (see People v Isaacson, 44 NY2d 511 [1978]).

Since defendant's convictions of second- and third-degree weapon possession were based on the same possessions of identical weapons, we vacate the third-degree convictions in the interest of justice (see People v Montgomery, 293 AD2d 369 [2002], lv denied 98 NY2d 712 [2002]).

As the People concede, defendant was improperly adjudicated a persistent violent felony offender because the adjudication was based on predicate convictions that did not meet the sequentiality requirement of Penal Law § 70.08 (see People v Morse, 62 NY2d 205 [1984]). However, the People are not precluded from attempting to establish, on the basis of a different conviction or convictions, that defendant is nonetheless a persistent violent felony offender (see People v Sailor, 65 NY2d 224 [1985], cert denied 474 US 982 [1985]). Concur—Lippman, P.J., Friedman, Sullivan, Gonzalez and Catterson, JJ.