# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**994**

**KA 08-01129**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TERRIS HANKS, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

TERRIS HANKS, DEFENDANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (HANNAH STITH LONG OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered March 18, 2008. The judgment convicted defendant, upon his plea of guilty, of conspiracy in the second degree, criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, conspiracy in the second degree (Penal Law § 105.15) and criminal possession of a controlled substance in the first degree (§ 220.21 [1]). Defendant contends in his main and pro se supplemental briefs that County Court erred in denying that part of his omnibus motion seeking to suppress evidence obtained through the execution of a series of eavesdropping warrants. Those warrants were issued during an investigation by the Attorney General's Statewide Organized Crime Task Force (Task Force) into a narcotics distribution network operating in and around the City of Syracuse. We note at the outset that defendant challenges only the first warrant and the fifth amended and extended warrant. We conclude that defendant does not have standing to challenge the first warrant inasmuch as it related solely to a coconspirator (*see People v Fonville*, 247 AD2d 115, 118 n).

Contrary to the contention of defendant in his main and pro se supplemental briefs, the record supports the court's finding that the application for the fifth amended and extended warrant established that "normal investigative procedures ha[d] been tried and ha[d] failed, or reasonably appear[ed] to be unlikely to succeed if tried,

or to be too dangerous to employ" (CPL 700.15 [4]; *see People v Rabb*, 16 NY3d 145, 152). In an affidavit supporting that warrant application, a detective detailed the traditional investigative techniques, including but not limited to physical surveillance of defendant and the use of confidential informants, that were utilized by Task Force members beginning four months prior to the issuance of the first warrant and continuing up to the date of the application for the fifth amended and extended warrant. The detective averred that, despite continued attempts, use of those traditional investigative techniques alone would not permit the Task Force to identify and successfully prosecute all suppliers of controlled substances, a stated goal of the investigation (*see People v Gray*, 57 AD3d 1473, 1474, *lv denied* 12 NY3d 854; *see generally Fonville*, 247 AD2d at 118-119). Further, because the detective provided details regarding the past and continued attempts to use traditional investigative techniques in connection with the investigation of defendant and his coconspirators, "it cannot be said that the [Task Force] relied solely on past investigations into [drug conspiracies] in general to support the[] assertion that normal investigative techniques would be generally unproductive in the [current] investigation" (*Rabb*, 16 NY3d at 154).

We reject the contention of defendant in his pro se supplemental brief that remedial action is required based on the failure of the court to "set forth on the record its findings of fact, its conclusions of law and the reasons for its determination" with respect to defendant's pro se memorandum of law concerning alleged material misrepresentations of fact in the supporting affidavits for the fifth amended and extended warrant application (CPL 710.60 [6]). The arguments contained in that memorandum of law are so plainly inadequate that the court was justified in summarily rejecting them (*see generally People v Jeffreys*, 284 AD2d 550, *lv denied* 99 NY2d 536). Indeed, defendant's pro se memorandum of law is unsworn and unsigned, and it therefore does not contain any "sworn allegations of fact" supporting his arguments therein (CPL 710.60 [1]). "Thus, defendant has failed to sustain his burden of proof that the search warrant affiant[s here] knowingly or recklessly submitted false information to the issuing [court] in order to obtain the [fifth amended and extended] search warrant" (*see People v Cohen*, 90 NY2d 632, 638). Defendant failed to preserve the remaining contentions in his main and pro se supplemental briefs for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered: September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court