■ Kaufmann's Carousel, Inc., Appellant, v Carousel Center Company LP et al., Respondents. (Action No. 1.) Lord & Taylor Carousel, Inc. Appellant, v Carousel Center Company LP et al., Respondents. (Action No. 2.) LT Propco, LLC, Appellant, v Carousel Center Company LP et al., Respondents. (Action No. 3.) [935 NYS2d 267]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Scudder, P.J., Peradotto, Carni, Gorski and Martoche, JJ.

■ Yvette Huff, Respondent, v Anita L. Rodriguez, Formerly Known as Anita L. Rosario, et al., Appellants. [935 NYS2d 266]—Motion for leave to appeal to the Court of Appeals denied. Present—Scudder, P.J., Peradotto, Carni, Gorski and Martoche, JJ.

■ The People of the State of New York, Respondent, v Terris Hanks, Appellant. [934 NYS2d 882]—Motion for reargument granted, and upon reargument, the memorandum and order entered September 30, 2011 (87 AD3d 1370, 1371 [2011]) is amended by deleting the fifth sentence of the first paragraph of the memorandum and by deleting the first and second sentences of the second paragraph of the memorandum and substituting the following sentences: "Contrary to the contention of defendant in his main brief with respect to the first warrant and the contention of defendant in his main and pro se supplemental briefs with respect to the fifth amended and extended warrant, the record supports the court's finding that the applications for those warrants established that 'normal investigative procedures ha[d] been tried and ha[d] failed, or reasonably appear[ed] to be unlikely to succeed if tried, or to be too dangerous to employ' (CPL 700.15 [4]; see People v Rabb, 16 NY3d 145, 152 [2011]). In affidavits supporting those warrant applications, a detective detailed the traditional investigative techniques, including but not limited to physical surveillance and the use of confidential informants, that were utilized by Task Force Members beginning four months prior to the issuance of the first warrant and continuing up to the date of the application for the fifth amended and extended warrant." Present—Scudder, P.J., Smith, Lindley, Sconiers and Gorski, JJ.

■ Patricia J. Curto, Appellant, v Mark Diehl et al., Respondents. (Appeal No. 1.) [935 NYS2d 267]—Motion for reargument or leave to appeal to the Court of Appeals denied. Present—Scudder, P.J., Smith, Lindley, Sconiers and Gorski, JJ.

■ Patricia J. Curto, Appellant, v Mark Diehl et al., Respondents. (Appeal No. 2.) [935 NYS2d 267]—Motion for reargu-