# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1374**
**KA 08-02459**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

ANGEL CRUZ, ALSO KNOWN AS JOHN DOE,
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (DENNIS A. RAMBAUD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 25, 2008. The judgment convicted defendant, upon a jury verdict, of conspiracy in the second degree, attempted criminal possession of a controlled substance in the first degree, attempted criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of, inter alia, conspiracy in the second degree (Penal Law § 105.15), attempted criminal possession of a controlled substance in the first degree (§§ 110.00, 220.21 [1]), and criminal sale of a controlled substance in the second degree (§ 220.41 [1]). In appeal No. 2, defendant appeals from a judgment convicting him following the same jury trial of criminal possession of a weapon in the second degree (§ 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to defendant's contention, County Court did not abuse its discretion in granting the People's motion to consolidate the indictments (*see People v Bankston*, 63 AD3d 1616, 1616-1617, *lv denied* 14 NY3d 885; *see generally People v Lane*, 56 NY2d 1, 8). The offenses were joinable under CPL 200.20 (2) (a) or, alternatively, CPL 200.20 (2) (b) (*see People v Burroughs*, 191 AD2d 956, 956-957, *lv denied* 82 NY2d 715).

We reject defendant's contention that the court erred in denying

his motion to suppress the evidence obtained from eavesdropping warrants.  The applications established that "normal investigative procedures have been tried and have failed, or reasonably appear to be unlikely to succeed if tried, or to be too dangerous to employ" (CPL 700.15 [4]; *see People v Rabb*, 16 NY3d 145, 152-153, *cert denied* ___ US ___, 132 S Ct 453; *People v Hanks*, 87 AD3d 1370, 1371, *amended on rearg* 90 AD3d 1592, *lv denied* 18 NY3d 883).  Contrary to defendant's further contention, reversal is not required based on lost trial exhibits.  The recorded telephone conversations obtained pursuant to the eavesdropping warrants, which are now lost, were introduced in evidence, and many of those recordings were in Spanish.  English transcripts were provided to the jury as an aid while the recordings were played during the trial, but they were not admitted in evidence. The transcripts were, however, marked as court exhibits and are part of the record before us.  Defendant does not contest that the transcripts were accurate translations of the audiotaped recordings. We therefore conclude that reversal is not required inasmuch as the record includes the information contained in the lost recordings and allows for effective appellate review (*see People v Yavru-Sakuk*, 98 NY2d 56, 59-60; *People v Strollo*, 191 NY 42, 67-68).  In addition, the lost bill of sale for the vehicle in which the police found a weapon does not preclude effective appellate review inasmuch as defendant raises no challenge to the sufficiency or weight of the evidence with respect to the weapons counts in appeal No. 2.

Defendant failed to preserve for our review his contention that either the transcripts should have been admitted in evidence or the court should have appointed an interpreter to translate the conversations as they were played to the jury (*see People v Martinez*, 222 AD2d 702, 702, *lv denied* 87 NY2d 1022).  Contrary to defendant's contention, this was not a mode of proceedings error (*see People v Rincon*, 40 AD3d 538, 539, *lv denied* 9 NY3d 880; *see e.g. People v Morel*, 246 AD2d 311, 311, *lv denied* 91 NY2d 1010; *Martinez*, 222 AD2d at 702).  In any event, the court acted within its discretion in declining to admit the transcripts in evidence (*see People v Mendez*, 26 NY3d 1004, ___; *People v Tapia*, 114 AD2d 983, 984-985, *lv denied* 67 NY2d 951; *see also People v Robinson*, 158 AD2d 628, 628-629).

Viewing the evidence in light of the elements of the crimes in appeal No. 1 as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see id.* at 348-349; *People v Bleakley*, 69 NY2d 490, 495).  Defendant contends that he received ineffective assistance of counsel based on defense counsel's failure to move to suppress the eavesdropping evidence pursuant to CPL 700.70 and defense counsel's failure to object to an officer's identification of defendant's voice on the ground that no notice was given pursuant to CPL 710.30. Defendant failed to show that defense counsel did not have a strategic reason for not making the motion pursuant to CPL 700.70 inasmuch as the record shows no colorable basis for such a motion (*see People v Rivera*, 71 NY2d 705, 708-709).  The record before us indicates that the People complied with CPL 700.70 by turning over a disc containing the eavesdropping warrants and applications at the time defendant was arraigned.  In addition, there was no pretrial police-arranged voice

identification made by the officer (*see People v Jackson*, 94 AD3d 1559, 1560, *lv denied* 19 NY3d 1026; *People v Morenito*, 281 AD2d 928, 928-929, *lv denied* 96 NY2d 904), and therefore any objection on the ground of lack of notice pursuant to CPL 710.30 would have had little or no chance of success (*see People v Raszl*, 108 AD3d 1049, 1050).

Defendant initially pleaded guilty to a reduced count but, at sentencing, the court granted defendant's request to withdraw his plea, whereupon the case proceeded to trial. On appeal, defendant contends that the court should not have granted his application to withdraw his plea without first, sua sponte, affording him the opportunity to confer with defense counsel. That contention is not preserved for our review (*see People v Umali*, 10 NY3d 417, 423, *rearg denied* 11 NY3d 744, *cert denied* 556 US 1110) and, in any event, it is without merit (*see generally People v O'Conner*, 21 AD3d 1287, 1288, *lv denied* 6 NY3d 816).

As the People correctly concede, the court erred in sentencing defendant as a persistent violent felony offender on the conviction of criminal possession of a weapon in the second degree in appeal No. 2 where, as here, defendant committed the second predicate violent felony before being sentenced on the first predicate violent felony (*see People v Davis*, 43 AD3d 448, 449, *lv denied* 9 NY3d 990, *reconsideration denied* 10 NY3d 763; *see generally People v Morse*, 62 NY2d 205, 224-225, *appeal dismissed* 469 US 1186). We therefore modify the judgment in appeal No. 2 by vacating the sentence imposed on count one of the indictment, and we remit the matter to County Court for resentencing on that count. We note, however, that the People are not precluded at resentencing "from attempting to establish, on the basis of a different conviction or convictions, that defendant is nonetheless a persistent violent felony offender" (*People v Colon*, 45 AD3d 457, 458, *lv denied* 10 NY3d 809; *see generally People v Johnson*, 124 AD3d 1318, 1319, *lv denied* 25 NY3d 951).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court